IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Criminal Case No.** 12-cr-00140-LTB

**UNITED STATES OF AMERICA**

       **Plaintiff,**

v.

1. **MICHAEL DESTRY WILLIAMS,**
   a/k/a "Will Williams,"

       **Defendant.**

---

**INDICTMENT**
**26 U.S.C. §7201**
**18 U.S.C. §2**

---

The Grand Jury charges that:

**GENERAL ALLEGATIONS**

At all times material to this indictment:

1. The defendant, MICHAEL DESTRY WILLIAMS, was a resident of Pueblo and Pueblo County, Colorado.

2. Defendant WILLIAMS was self-employed as a general contractor focusing primarily on residential construction projects, including roofing, remodeling and the repair and restoration of residential structures sustaining fire and water related damage.

3. Defendant WILLIAMS was also self-employed as a real estate investor involved in the purchase, renovation and resale

(commonly known, as "fixing and flipping") of residential properties.

4. Greenview Construction, Inc. (hereinafter, "Greenview") was a Colorado corporation through which defendant WILLIAMS primarily conducted his general contractor construction business. Defendant WILLIAMS was the beneficial owner of 100% of the shares of Greenview, was its sole or principal officer, and was responsible for overseeing and controlled all facets of the operation of Greenview.

5. M.D. Williams, Inc. (hereinafter, "MDW, Inc.") and M.D. Williams Enterprises, Inc. (hereinafter, "MDWE"), its successor, were Colorado corporations through which defendant WILLIAMS primarily conducted his real estate investment business. Defendant WILLIAMS was the beneficial owner of 100% of the shares of MDW, Inc. and MDWE, was their principal officer, and was responsible for overseeing and controlled all facets of their operations.

6. Colorado Housing & Investment Program, L.L.C. (hereinafter, "CHIP") was a Colorado limited liability company that primarily consisted of a small group of individual investors who pooled their funds and extended short term construction financing and bridge loans for residential real estate construction projects. CHIP's primary source of income was the interest that it charged on these loans. CHIP made distributions

of the interest that it was paid on these loans and the other profits that it realized from its operations quarterly to its members on a pro rata basis in accordance with its members' principal investment in CHIP.  CHIP reported the payments that it made to its members, including members' individual shares of its income, both to its members and the Internal Revenue Service (hereinafter, "IRS")on an annual basis in IRS Schedules K-1 that were prepared and issued together and in connection with CHIP's annual federal income tax returns.

    7.   Defendant WILLIAMS was a member of CHIP, investing in the limited liability company in an individual capacity.

## COUNT 1

    8.   The allegations set forth in paragraphs 1 through 7 of this indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

    9.   From at least on or about April 1, 2005 and continuing until at least on or about January 11, 2008, the exact dates being unknown to the Grand Jury, in the State and District of Colorado, the defendant,

**MICHAEL DESTRY WILLIAMS,**
**a/k/a "Will Williams,"**

did willfully attempt to evade and defeat the assessment of a substantial amount of income tax and self-employment tax due and owing by him to the United States of America for calendar year 2005, by failing to make an income tax return on or before April

17, 2006, as required by law, to any proper officer of the IRS, by failing to pay to the IRS said income tax and self-employment tax, and by engaging in and causing the following acts:

A. Over the course of April 2005 through July 2005, issuing checks to himself from Greenview's bank account totaling $4,500, which checks he then caused to be recorded in Greenview's accounting books and records as payments by Greenview for consulting fees;

B. Over the course of July 2005 through November 2005, causing CHIP to issue checks for its quarterly distributions to him through checks made payable to MDW, Inc., which checks he then deposited into a bank account for MDW, Inc. and MDWE;

C. Following his receipt of CHIP's Schedule K-1 for him for 2005, reporting the foregoing and other payments to him from CHIP over the course of 2005, contending that his investment in CHIP was through his corporations, MDW, Inc. and MDWE, and not individually, and sending a letter dated April 10, 2006 to CHIP's accountant indicating that the use of his social security account number in the Schedule K-1 as the taxpayer identification number (hereinafter, "TIN") for the investment was fraudulent and incorrect and that the TIN for MDWE was the correct TIN to be used for tax reporting purposes for his investment in CHIP;

D. On or about November 28, 2005, in connection with his sale of a real estate parcel located at 333 W. Hidalgo Drive, Pueblo, Colorado, a property that he held individually, executing an IRS Form W-9 falsely representing that the seller of the 333 W. Hidalgo Drive property was MDW, Inc. and identifying MDWE's TIN as the TIN for the seller, thereby causing the title company conducting the closing of the sale of this property to report the proceeds that he received on the sale to the IRS under MDWE's TIN;

E. In or about late November or early December 2007, representing to an accountant whom he had engaged to prepare corporate federal income tax returns for Greenview and MDWE (hereinafter, the "corporate return tax preparer") that both corporations were not owned directly by him but rather through a purported trust,

      which he identified as "Millstone," which owned all the shares of both corporations;

F.    In connection with the foregoing representation, applying to the IRS for a TIN for Millstone and representing in the application that the trustee of Millstone was an individual identified herein as "R.M.McK," a sub-contractor who worked for defendant WILLIAMS in his construction business;

G.    Providing the corporate return tax preparer with a letter from the IRS, dated December 5, 2007, issuing a TIN to Millstone, through its purported trustee, R.M.McK;

H.    On or about December 7, 2007, signing and then causing to be filed with the IRS a corporate income tax return for Greenview, on IRS Form 1120, for the year 2005, which return:

    1.    Represented that Millstone Trust owned 100% of the shares of Greenview; and

    2.    Represented that Greenview had paid no wages or salaries, no officer compensation and no dividends to defendant WILLIAMS and which incorporated payments that he had, in fact, received from Greenview for 2005 into a broader category of consulting fees and other costs of goods sold by the corporation for the year.

I.    On or about January 11, 2008, signing and then causing to be filed with the IRS a corporate income tax return for MDWE, on IRS Form 1120, for the year 2005, which return:

    1.    Represented that Millstone owned 100% of the shares of MDWE; and

    2.    Represented that MDWE had paid no wages or salaries, no officer compensation and no dividends to defendant WILLIAMS and which incorporated payments that he had, in fact, received from MDWE for 2005 into a broader category of purchases that MDWE had made for the year, a component of its costs of goods sold.

In violation of Title 26, United States Code, Section 7201 and Title 18, United States Code, Section 2.

## COUNT 2

10. The allegations set forth in paragraphs 1 through 7 of this indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

11. From at least on or about November 9, 2005 and continuing until at least on or about January 11, 2008, the exact dates being unknown to the Grand Jury, in the State and District of Colorado, the defendant,

**MICHAEL DESTRY WILLIAMS,
a/k/a "Will Williams,"**

did willfully attempt to evade and defeat the assessment of a substantial amount of income tax and self-employment tax due and owing by him to the United States of America for calendar year 2006, by failing to make an income tax return on or before April 17, 2007, as required by law, to any proper officer of the IRS, by failing to pay to the IRS said income tax and self-employment tax, and by engaging in and causing the following acts:

    A.    On or about November 9, 2005, executing, and causing an employee, an individual identified herein as "DRCW", and an associate to execute, various documents purporting to create a trust in the name of "Skyview," which documents, among other things, described DRCW as the "settlor" of the trust and defendant WILLIAMS as a manager of the trust;

    B.    On or about April 13, 2006, in his purported capacity as trust manager, opening a brokerage account with RBC

        Dain Rauscher (hereinafter, "RBC") in the name of Skyview, and representing DRCW's social security account number as the account holder's social security account number/employer identification number on the account opening documents;

C. Over the course of June 2006 through November 2006, issuing checks made payable to Skyview from Greenview's bank account totaling $91,000, which checks he then caused to be recorded in Greenview's accounting books and records as payments by Greenview for consulting fees to Skyview; depositing said checks into Skyview's RBC brokerage account; and using the proceeds of said checks for various purposes;

D. Over the course of August 2006 through October 2006, issuing checks made payable to Skyview from MDWE's bank account totaling $13,000, which checks he then caused to be recorded in Greenview's accounting books and records as payments by MDWE for consulting expenses and profit payments to an associate; depositing said checks into Skyview's RBC brokerage account; and using the proceeds of said checks for various;

E. On or about March 30, 2006, in connection with his sale of a real estate parcel located at 427 Morrison Avenue, Pueblo, Colorado, a property that he held individually, executing an IRS Form W-9 falsely representing that the seller of the 427 Morrison Avenue property was MDW, Inc., thereby causing the title company conducting the closing of the sale of this property to report the proceeds that he received on the sale to the IRS under MDWE's TIN;

E.1. In connection with the foregoing sale, directing the title company to make the seller's proceeds check, in the amount of approximately $24,233, payable to MDW, Inc.; depositing the check into a bank account for MDWE; and thereafter recording the deposit as a management fee to MDWE in its accounting books and records;

F. On or about August 22, 2006, in connection with his sale of a real estate parcel located at 1806 E. 8th Street, Pueblo, Colorado, a property that he held individually, executing an IRS Form W-9 falsely

representing that the seller of the 1806 E. 8th Street property was MDW, Inc. and identifying MDWE's TIN as the TIN for the seller, thereby causing the title company conducting the closing of the sale of this property to report the proceeds that he received on the sale to the IRS under MDWE's TIN;

F.1. In connection with the foregoing sale, directing the title company to make a seller's proceeds check, in the amount of approximately $7,397, payable to MDW, Inc.; depositing the check into a bank account for MDWE; and thereafter recording the deposit as investment fee income to MDWE in its accounting books and records;

G. Engaging in the affirmative acts described and set forth in sub-paragraphs 9E through 9E of this indictment, which sub-paragraphs are hereby re-alleged as if set out in full and incorporated herein by reference;

H. On or about December 7, 2007, signing and then causing to be filed with the IRS a corporate income tax return for Greenview, on IRS Form 1120, for the year 2006, which return:

1. Represented that Millstone Trust owned 100% of the shares of Greenview; and

2. Represented that Greenview had paid no wages or salaries, no officer compensation and no dividends to defendant WILLIAMS and which characterized payments that he had, in fact, received (in the name of Skyview) from Greenview for 2005 as consulting expenses and incorporated them into a broader category of other costs of goods sold by the corporation for the year.

I. On or about January 11, 2008, signing and then causing to be filed with the IRS a corporate income tax return for MDWE, on IRS Form 1120, for the year 2006, which return:

1. Represented that Millstone owned 100% of the shares of MDWE;

2. Represented that MDWE had paid no wages or salaries, no officer compensation and no dividends to defendant WILLIAMS and which incorporated

8

        payments that he had, in fact, received from MDWE (through Skyview) for 2006 into a broader category of purchases that MDWE had made for the year or sub-contractor expenses of MDWE, both components of its costs of goods sold; and

3.    Included payments that defendant WILLIAMS received as proceeds on the sales of the 427 Morrison Avenue and 1806 E. 8th Street properties as gross receipts of MDWE for 2006.

In violation of Title 26, United States Code, Section 7201 and Title 18, United States Code, Section 2.

## COUNT 3

12.    The allegations set forth in paragraphs 1 through 7 of this indictment are hereby re-alleged as if set out in full and incorporated herein by reference.

13.    From at least on or about January 29, 2007 and continuing until at least on or about April 15, 2008, the exact dates being unknown to the Grand Jury, in the State and District of Colorado, the defendant,

**MICHAEL DESTRY WILLIAMS,
a/k/a "Will Williams,"**

did willfully attempt to evade and defeat the assessment of a substantial amount of income tax and self-employment tax due and owing by him to the United States of America for calendar year 2007, by failing to make an income tax return on or before April 15, 2008, as required by law, to any proper officer of the IRS, by failing to pay to the IRS said income tax and self-employment tax, and by engaging in and causing the following acts:

    A.    Over the course of January 2007 through August 2007, causing at least $7,800 in checks issued to him by CHIP to be deposited into Skyview's brokerage account at RBC;

    B.    On or about May 18, 2007, causing a check in the amount of approximately $67,000 to be issued by a title company and made payable to Skyview, representing the repayment of principal and interest of a short term loan extended by defendant WILLIAMS (through Skyview), and depositing that check into Skyview's brokerage account at RBC.

In violation of Title 26, United States Code, Section 7201 and Title 18, United States Code, Section 2.

A TRUE BILL

<u>Ink signature on file in the Clerk's Office</u>
FOREPERSON

JOHN F. WALSH
UNITED STATES ATTORNEY

<u>s/ Kenneth M. Harmon</u>
KENNETH M. HARMON
Assistant United States Attorney
1225 17th Street, Suite 700
Denver, CO 80202
Phone: (303) 454-0100
Fax: (303) 454-0402
Kenneth.Harmon@usdoj.gov