IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 12-cr-00140-CMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     MICHAEL DESTRY WILLIAMS,

        Defendant.

---

**GOVERNMENT'S NOTICE OF INTENTION TO OFFER
EVIDENCE PURSUANT TO FED.R.EVID. 404(b)**

---

    The United States of America, by and through its undersigned counsel, hereby provides notice to the defendants and to the Court of its intention or possible intention to offer in its case-in-chief at trial, pursuant to Federal Rule of Evidence 404(b), evidence of the conduct or acts, for purposes other than to show the character of the defendants and their conformity therewith in the instant case.

    The government submits that evidence of much of the conduct and acts described below is not, in fact, subject to the provisions of Fed.R.Evid. Rule 404(b) either because the acts are not criminal in nature or bad acts tending to impugn the character of either of the defendants, *United States v. Kendall*, 766 F.2d 1426, 1436 n. 5 (10th Cir.1985)("[t]o fall within the scope of 404(b), an act need not be criminal, so long as it tends to impugn a defendant's character"), or because the acts concern evidence that is intrinsic to the charged conduct in this case and directly related

1

to the proof of the elements of the charged offenses.[1]  The government nonetheless hereby provides notice of its intention to offer in its case-in-chief evidence of the acts and conduct described below, in order to preserve the opportunity to seek admission of the evidence pursuant to Fed.R.Evid. Rule 404(b), in the event that the Court concludes that the admission of such evidence is governed under Rule 404(b).

In accordance with Rule 404(b), the government provides the following description of the general nature of evidence which it will or may seek to offer pursuant to Fed.R.Evid. Rule 404(b), which evidence has previously been disclosed or made available to the defendants as part of the government's ongoing pretrial disclosures in this case:

A.    The prior federal income tax filing and payment histories, or lack thereof, of the defendant; his corporations, Greenview Construction, Inc., M.D.Williams, Inc., and M.D. Williams Enterprises, Inc.; and purported trusts identified in the superseding indictment as

---

[1] The Tenth Circuit has long recognized the distinction between "extrinsic act evidence," the admission of which is subject to the analytical framework of Fed.R.Evid. Rule 404(b), and "intrinsic act evidence," which is not. *See, e.g., United States v. Dougherty*, No. 08-8037, 2009 WL 990526, 321 Fed.Appx. 762, 765 (10th Cir. 2009); *United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir.2009); *United States v. James*, No. 06-7072, 2007 WL 521247, 217 Fed.Appx. 776, 780-81 (10th Cir.2007); *Elliot v. Turner Construction Co.*, 381 F.3d 995, 1004 (10th Cir. 2004). "Generally speaking, '[i]ntrinsic evidence is directly connected to the factual circumstances of the crime and provides contextual or background information to the jury. Extrinsic evidence, on the other hand, is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense.'" *United States v. Parker*, 553 F.2d at 1314 (citations and alterations omitted).

Intrinsic evidence includes evidence that is *res gestae* of the offense conduct at issue in the case, *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir.1995) or that which is "inextricably intertwined" with or intrinsically related to the charged offense "to the extent that testimony and evidence sought to be admitted would be confusing and incomplete without such evidence," *United States v. Oles*, 994 F.2d 1519, 1522 (10th Cir.1993), or is "part of a single criminal episode." *United States v. James*, 217 Fed.Appx. at 781.

Skyview and Millstone. Such evidence will be introduced primarily, but not exclusively, through the introduction of, and testimony concerning, Internal Revenue Service ("IRS") taxpayer transcripts and filed tax returns, and will be offered to establish that the defendant acted willfully and with the requisite intent and knowledge, and not as a result of mistake, in connection with the charged tax evasion conduct (Counts 1-4) and the charged tax administration interference conduct (Count 10) .[2]

Such evidence is anticipated to include evidence, in particular, that the defendant was the subject of a federal tax lien for taxes assessed with respect to his individual income tax liability for the year 1999; that this tax lien was uncovered by a title company conducting the closing of the defendant's sale of a residence located at 910 Cherry Lane, Pueblo, CO in 2003; that the defendant disputed the validity of the tax lien with the title company; but that the defendant ultimately agreed that proceeds of the sale could be used to satisfy the lien.

Such evidence is anticipated also to include testimony from the accountant who prepared the defendant's individual federal income tax returns for 1999 and federal income tax returns for his corporations for the years 1999 through 2003, Tami Cornelison, concerning the statements made by the defendant and the information provided by the defendant in connection with the preparation of these returns, and similar testimony from the accountant who prepared federal

---

[2] *See generally United States v. Daraio*, 445 F.3d 253, 264-65 (3d Cir. 2006)("[i]n cases involving violations of federal tax laws such as tax evasion,'[a] defendant's past taxpaying record is admissible to prove willfulness circumstantially")(citing cases). *See also United States v. Fingado*, 934 F.2d 1163, 1165 (10th Cir. 1991)(evidence of failure to file in prior years); *United States v. McKee*, 942 F.2d 477, 480 (8th Cir. 1991)(evidence concerning prior IRS audit and false IRS Form W-4); *United States v. Johnson*, 893 F.2d 451, 453-54 (1st Cir. 1990)(evidence concerning prior failure to file and false Form W-4).

income tax returns for the defendant's corporations for the year 2004, Jeffrey Gorman.

B.  Annual written statements filed by the defendant with the Clerk and Recorder's Office for Pueblo County, Colorado setting forth his position that he did not owe federal income taxes for the given years in question.

C.  Statements by the defendant to various persons, including Michael McCarthy, Roger Michael McKlem, Kathy Martinez, and Dana Cascio Weldon, relating the defendant's views that he was a "sovereign citizen" not subject to the laws of the United States and the State of Colorado and was not subject to federal income taxation, among other statutory obligations, and similar statements contained in writings submitted to Pueblo County, Colorado and the U.S. Treasury Department.  Similar statements by the defendant to Tami Cornelison regarding the unlawfulness of federal income taxation and the defendant's exemption from such taxation.

D.  Statements by the defendant to Michael McCarthy, Roger Michael McKlem and others, and documents provided to them, regarding the defendant's efforts to avoid federal income tax liability, including through membership in an entity identified as the "Pembina Nation Little Shell Band of North America" and the establishment of a "corporate sole" identified as "Liberty Outreach."

E.  Testimony by Dana Cascio Weldon that the defendant generally tried to run financial transactions through his business accounts, in order to avoid having his social security account number used and identified with his business dealings.

F.  Evidence of the following transactions, designed to conceal the defendant's ownership and control of personal assets:

   1.  The filing of a deed of trust in 2003 with respect to the defendant's

residence at 1735 Cortner Road, Pueblo, Colorado, purportedly securing a $300,000 loan to the defendant from Greenview Construction, Inc.

      2.      The transfer by quitclaim deed in 2004 of the defendant's residence at 1735 Cortner Road, Pueblo Colorado to Liberty Outreach.

    G.      Evidence of partially completed federal income tax returns for the defendant for the years 2004 through 2007 discovered at the residence of Gerald Poynter pursuant to the execution of a federal search warrant, and evidence of the defendant's telephonic contact with the Internal Revenue Service in 2009 inquiring about a purported $775,000 income tax refund that the defendant was claiming as the result of the filing of an income tax return for 2005.

    H.      Evidence in the form of anticipated testimony by Roger Michael McKlem concerning trips by the defendant and McKlem to a gold dealer in Colorado Springs, Colorado for the purpose of buying gold coins in amounts under $10,000 for the purpose of avoiding currency transaction reporting thresholds.

    I.      Evidence concerning the facts and circumstances relating to the state court cases identified in paragraphs 26 through 28 of the Superseding Indictment, offered for the purpose of explaining and rendering understandable the criminal referrals and other IRS filings made by the defendant with respect to the judicial officers and law enforcement officers associated with those cases.

                                            Respectfully submitted,

                                            JOHN F. WALSH
                                            United States Attorney

                                            by: s/ Kenneth M. Harmon
                                            KENNETH M. HARMON

                  Assistant United States Attorney
                  U.S. Attorney's Office
                  1225 Seventeenth Street, Suite 700
                  Denver, Colorado 80202
                  Tel. No. (303) 454-0100
                  Fax No. (303) 454-0402
                  E-mail: kenneth.harmon@usdoj.gov

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this 29th day of July, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF which will send notification of such filing to counsel at the following e-mail addresses:

Martha H. Eskesen, P.C.
5445 DTC Parkway, Penthouse 4
Greenwood Village, CO 80111
Telephone: (303) 486-6938
Facsimile: (303) 573-4921
E-mail: meskesen@eskesenlaw.com

 And I hereby certify that I have caused a copy of the foregoing to be mailed, by U.S. Mail, to defendant Michael Destry Williams at the following address:

Michael Destry Williams
GEO Aurora Detention Center
3130 North Oakland Street
Aurora, CO 80010

                 s/ Kenneth M. Harmon
                 KENNETH M. HARMON
                 Assistant United States Attorney
                 U.S. Attorney's Office
                 1225 Seventeenth Street, Suite 700
                 Denver, Colorado 80202
                 Tel. No. (303) 454-0100
                 Fax No. (303) 454-0402
                 E-mail: kenneth.harmon@usdoj.gov