1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Case No. 12-cr-00140-CMA

_____

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MICHAEL DESTRY WILLIAMS,

    Defendant.

_____

    Proceedings before KATHLEEN M. TAFOYA, United States Magistrate Judge, United States District Court for the District of Colorado, commencing at 2:45 p.m., June 27, 2013, in the United States Courthouse, Denver, Colorado.

_____

    WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED...

_____

APPEARANCES

    KENNETH HARMON, Assistant United States Attorney, appearing for the government.

_____

INITIAL APPEARANCE

AVERY/WOODS REPORTING SERVICE, INC.
455 SHERMAN STREET, SUITE 250, DENVER, CO  80203
303-825-6119      FAX 303-893-8305

2

1             P R O C E E D I N G S
2             (Whereupon, the within electronically recorded
3    proceedings are herein transcribed, pursuant to order of
4    counsel.)
5             THE COURT: All right.  The next matter is 12-cr-
6    140, United States of America versus Michael Destry
7    Williams.
8             (Pause in the proceedings)
9             THE COURT: Mr. Harmon, are you appearing on it?
10            MR. HARMON: I am, Your Honor.  I am here on this
11   -- that case.
12            THE COURT: All right.  Some of the documents that
13   I have in here talk about restricted.  Are -- is this all
14   unrestricted now?
15            MR. HARMON: This all needs to be unrestricted at
16   this point, Your Honor.
17            THE COURT: All right.  So the Court will
18   unrestrict this case at this point.  I just wanted to make
19   sure we weren't supposed to be -- if we were supposed to be
20   carrying on the proceedings not in open court.
21            MR. HARMON: No, this is fine.
22            THE COURT: All right.
23            MR. HARMON: It's all unrestricted.
24            THE COURT: All right. And, Mr. Williams -- is Mr.
25   Williams here?

3

```
1                MR. HARMON: He is.
2                THE COURT: Which one is he?
3                MR. HARMON: He's the second closest to me.
4                THE COURT: Oh.
5                MR. HARMON: The gentleman in the front row.
6                THE DEFENDANT: I'm not Mr. Williams.
7                THE COURT: Who are you?
8                THE DEFENDANT: I have exercised my international
9       right of self-determination.  I am not a United States
10      citizen, I am not a citizen of -- how do you put it --
11      United States of America, and I'm not a citizen of the State
12      of Colorado, the corporation.  I have exercised my right.
13      I have declared my citizenship to The United States of
14      America and to the state known as Colorado.
15               I have also taken an oath by a military officer
16      with witnesses, recorded all documents.  I hereby invoke
17      Article III Common Law Court and demand transfer to that
18      court.  This is not me.
19               THE COURT: Do you have a name?
20               THE DEFENDANT: You may address me as Michael
21      Destry.
22               THE COURT: All right.  I'll -- I'll address you
23      then as Michael Destry, since that's your desire.
24               THE DEFENDANT: Excuse me, hold on.  You may
25      address me as Michael Destry, but it has nothing to do with
```

1  the charges or whatever you want to call your corporation's
2  stuff over here, okay, it has nothing to do with me.  And if
3  this which has not defined to me as a petty offense court of
4  the United States completely voluntary and all public
5  servants in here associated with this case are hereby put on
6  notice, I do have a fee schedule in the public for all
7  commercial dishonors --
8        THE COURT: All right.
9        THE DEFENDANT: -- crimes --
10       THE COURT: Michael Destry, you've been charged in
11 an Indictment with -- in Counts 1 and 3 with tax evasion in
12 violation of Title 26, United States Code --
13       MR. HARMON: Judge, I want to -- I apologize.  Just
14 for the record, Mr. --
15       THE DEFENDANT: That was rude.  I accept --
16       MR. HARMON: -- Destry threw some court papers on
17 government counsel table.  I will give them to the marshals
18 in case he needs to follow along with this document upon
19 your further advisement, so I apologize for the
20 interruption, but I did --
21       THE COURT: All right.
22       MR. HARMON: -- think that needs to be made known
23 on the record.
24       THE DEFENDANT: Ma'am, if you continue forcing me
25 into this case --

1        THE COURT: Probably, marshals, you should take
2   control of the paperwork and --
3        UNIDENTIFIED SPEAKER: That's fine.
4        THE COURT: -- and not allow him to have anything
5   to throw.
6        THE DEFENDANT: If you -- if you keep going and
7   quit allowing me to speak --
8        THE COURT: Title 26, United States Code, Section
9   7201 --
10       THE DEFENDANT: -- I'm going to accept your
11  dishonor, ma'am, and I will pull your bond, Mrs. Public
12  Servant.
13       THE COURT: Counts 1 through 3 --
14       THE DEFENDANT: You are hereby noticed, act
15  accordingly.
16       THE COURT: -- carry a possible a penalty of not
17  more than five years' imprisonment, a $250,000 fine, or
18  both, together with the costs of prosecution, and a $100
19  special assessment fee.
20       Count 4 is a charge of structuring transactions to
21  evade reporting requirements in violation of Title 31,
22  United States Code, Section 5324(a)(3).  Count 4 carries
23  with it a possible penalty of not more than five years'
24  imprisonment, a $250,000 fine, or both, and a $100 special
25  assessment fee.

1             Counts 5 and 6 charge you with bank fraud in
2    violation of Title 18, United States Code, Section 1344.
3    Counts 5 and 6 carry with it, per count, not more than 30
4    years' imprisonment, a $1 million fine, or both imprisonment
5    and a fine, and a $100 special assessment fee.
6             THE DEFENDANT: You do understand this is not
7    voluntary on my point.
8             THE COURT: Counts 7 through 9 charge you with
9    fictitious obligations --
10            THE DEFENDANT: This is notice again. I am not
11   giving my permission --
12            THE COURT: -- in violation of Title 18, United
13   States Code, Section 514.
14            THE DEFENDANT: -- or any volunteer to this public
15   servant to continue in this matter.
16            THE COURT: Counts 7 through 9 carry with them the
17   possible penalty of not more than 25 years' imprisonment, a
18   $100 fine -- or, excuse me --
19            THE DEFENDANT: Your dishonor is accepted again,
20   ma'am.
21            THE COURT: -- a $1 million fine, or both
22   imprisonment and a fine. It also carries not more than five
23   years of supervised release, and a $100 special assessment
24   fee.
25            You're charged in Count 10 with interference with

1    administration of Internal Revenue laws in violation of
2    Title 26, United States Code, Section 7212(a).  That carries
3    with it a possible penalty of not more than three years'
4    imprisonment, a $250 fine, or both, and a $100 special
5    assessment fee.
6              Since Michael Destry, as he desires to be called,
7    is being disruptive in the court, I won't ask him any
8    further questions, but I have fully advised him of the
9    charges.  He has apparently refused to sign any kind of
10   financial affidavit, which is his right; however, at this
11   time I will appoint counsel to represent him because he
12   clearly is incompetent --
13             THE DEFENDANT: Rejected.
14             THE COURT: -- to represent himself.
15             THE DEFENDANT:  I am not part of your corporation,
16   I will not accept any of your privilege's benefit.
17             THE COURT: Is there any conflict with the Federal
18   Public Defender?
19             MR. HARMON: No, Your Honor.
20             THE DEFENDANT: I am the beneficiary of the entity
21   known as Michael Destry Williams --
22             THE COURT: I am going to appoint the Office of the
23   Federal Public Defender to represent him.
24             THE DEFENDANT: You are hereby noticed.  Again, you
25   keep continuing, I will accept another dishonor from you.

8

1          THE COURT: We will have --
2          THE DEFENDANT: They will be assessed at one
3     million silver species, ma'am.
4          THE COURT: -- the followings hearings. We need to
5     have an arraignment, which we will set for Tuesday, July 2nd
6     at 10 o'clock a.m.
7          MR. HARMON: Judge, could I ask for an afternoon
8     setting, if possible, on that?
9          THE COURT: An afternoon setting?
10         MR. HARMON: Yes.
11         THE COURT: All right.  2 o'clock?
12         MR. HARMON: That's fine.
13         THE COURT: All right.  So July 2nd, 2013 at 2
14    o'clock p.m. for the arraignment and a discovery conference.
15         What's the government's position with respect to
16    bond?
17         MR. HARMON: We're asking for detention and would
18    request three days to prepare.
19         THE COURT: All right.  So, Michael Destry will be
20    held in the custody of the United States Marshal pending his
21    hearing on July 2nd, 2013 at 2 o'clock p.m. for a detention
22    hearing where the Court will take up the issue of bond.
23         Anything further for the government?
24         MR. HARMON: No thank you, Your Honor.
25         THE COURT: All right, then we'll be in recess on

9

1      that matter.
2
3              (Whereupon, the within hearing was then in
4      conclusion at 2:52 p.m. on June 27, 2013.)
5
6
7              I certify that the foregoing is a correct
8      transcript, to the best of my knowledge and belief, from the
9      record of proceedings in the above-entitled matter.
10
11       /s/ Bonnie Nikolas                    September 9, 2013
12         Signature of Transcriber                  Date
13
14
15
16
17
18
19
20
21
22
23
24
25

AVERY/WOODS REPORTING SERVICE, INC.
455 SHERMAN STREET, SUITE 250, DENVER, CO  80203
303-825-6119      FAX 303-893-8305