IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 12-cr-000140-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    MICHAEL DESTRY WILLIAMS,

    Defendant.

---

GOVERNMENT'S MOTION TO SET SCHEDULING CONFERENCE
AND INCORPORATED SPEEDY TRIAL REPORT

---

    The United States of America, by and through its undersigned counsel, respectfully moves the Court to conduct a scheduling conference in this case concerning trial and related proceedings, following the conclusion of proceedings and final determinations regarding defendant Williams' mental competency and physical capacity to stand trial and represent himself in this case.

    In support, and as grounds for the motion, the government states as follows:

**Background**

    1.    The defendant made his initial appearance in this case on June 27, 2013 (DE 11).[1] On July 8, 2013, he was arraigned on the superseding indictment, ordered detained pending trial, and deemed to be proceeding *pro se* in the case, with his CJA court appointed counsel designated as his standby and advisory counsel for further proceedings in the case (DE 20). The Court at that time also set the case down for a ten day jury trial to commence on August 19, 2013, with a

---

[1]    "DE" refers to docket entries in this case.

final pretrial conference and jury selection to take place a week before, and the Court directed that pretrial motions be filed by July 26, 2013 (DE 20).

2. The government thereafter produced computer disks to the defendant and his then-advisory counsel containing computer file images in excess of 26,000 pages of scanned records constituting disclosure materials in this case. The defendant refused these disks, and they were returned to the government. Save for several *pro se* pleadings essentially challenging the Court's competency and jurisdiction (DE 23-25), defendant Williams has filed no motions in this case.[2] Those *pro se* pleadings construed by the Court as motions were ruled upon and denied (DE 23, 26).[3]

3. On August 2, 2013, following the government's motion to conduct a physical examination of defendant Williams, the Court vacated the August 19th trial setting in this case and, granting the government's motion, ordered that defendant Williams undergo a physical examination to explore his apparent assertions about suffering from the effects of mercury

---

[2] On September 10, 2013, advisory counsel filed a motion seeking a hearing to address defendant Williams' competency and assertion of his right to self-representation (DE 51). While technically pending, as indicated by the discussion below, that motion has been rendered moot for the time being by the protocol set forth by the Court in its September 16, 2013 Order Regarding Mental Competency (DE 55).

[3] Defendant Williams presented the Court with a handwritten letter, annexing a typewritten affidavit, together with copies of his previously filed *pro se* pleadings. These materials were filed by the Clerk of the Court on August 28, 2013 (DE 48). In the letter and affidavit, the defendant reiterates previous complaints and arguments concerning the jurisdiction and authority of the Court with respect to him and concerning the authority of court appointed counsel to act on his behalf. Defendant Williams, in this submission requests again, to have his case transferred to an "Article III Common Law Court of Competent Jurisdiction With Your Federal Court" (DE 48, Handwritten letter at 2). This appears to be the same relief requested by defendant Williams in Docket Entry 23, which was construed as a motion and denied by the Court (DE 26).

poisoning and the possible ramifications on his mental competency and physical capacity to stand trial.  The Court, in the same written order, also *sua sponte* ordered defendant Williams to undergo a psychiatric examination concerning his mental competency to stand trial and represent himself (DE 37).  In a subsequent written order, the Court appointed Dr. Karen Fukataki to conduct the psychiatric examination (DE 47).

4.	On September 16, 2013, following abbreviated physical and psychiatric examinations engendered by defendant Williams' refusal to cooperate in the process, this Court entered its Order Regarding Mental Competency indicating its provisional view that defendant Williams is competent to stand trial (DE 55), observing, *inter alia*, the United States Bureau of Prison physician tasked to examine defendant Williams did not appear to find any evidence that defendant Williams "had suffered mercury toxicity as he alleges or that he has any physical impairments that render him incompetent" (*id*., Order at 2).  The Court nonetheless provided defendant Williams seven days from the date of its order to file a request for a competency hearing for the purpose of presenting evidence opposing a competency finding *(id*., Order at 3).

5.	No further proceedings in this case have yet been scheduled.

### The Government's Speedy Trial Act Calculations

6.	The Speedy Trial Act mandates that a defendant's trial commence within seventy days from the statute's applicable trigger date, 18 U.S.C. §3161(c)(1),[4] as that period of time is to be computed under the statute, *see generally* 18 U.S.C. §3161(h)(cataloging certain types of

---

[4]	The statues specifies that the seventy days within which trial must commence runs, "in any case in which a plea of not guilty is entered," "from the filing date (and making public) of the ... indictment, or from the date the defendant first appeared before the judicial officer of the court in which such charge is pending, whichever date last occurs." *Id*.

delays excludable from computation).

7.   In this case, the Act's seventy day speedy trial clock commenced to run no earlier than June 27, 2013, when defendant Williams made his initial appearance in this case (DE 11). Excluding from speedy trial computations the initial appearance, as well as subsequent hearings constituting or concerning defendant Williams' arraignment and pretrial detention – these being deemed "other proceedings concerning the defendant" under section 3161(h)(1)[5] – fifteen days of non-excludable time – conservatively measured – elapsed from the seventy day speedy trial clock up until July 15, 2013,[6] when defendant Williams made several *pro se* filings, one of which was construed as a motion which the Court denied the next day (DE 23, 26). The speedy trial clock being tolled for this two day period (*i.e.*, July 15 and July 16),[7] twelve more days of non-

---

[5]   For cases holding these types of proceedings as excludable time pursuant to Section 3161(h)(1), *see, e.g., United States v. Wright*, 990 F.2d 147, 148-49 (4th Cir.) (initial appearance, detention hearing, preliminary examination), *cert. denied*, 510 U.S. 871 (1993); *United States v. Crawford*, 982 F.2d 199, 203 (6th Cir. 1993) (initial appearance, arraignment, and 15 days given to defense counsel for preparation of pretrial motions).

[6]   The specific days excluded from speedy trial computation include June 27 (the initial appearance); July 2 (DE 14)(the date originally scheduled for defendant William's arraignment, pretrial detention hearing and discovery conference), and July 8 (DE 20)(when these proceedings finally took place).

   This is a conservative measure, as the delay in the case between July 2nd and July 8th can be attributed to the defendant's conduct and the time needed by his appointed counsel to attempt to meet and confer with him (DE 17-18). It is arguable whether the five intervening days resulting from this delay should be deemed non-excludable for speedy trial computation purposes. *See, e.g., United States v. Noone*, 913 F.2d 20, 28 (1st Cir. 1990) (one-month delay in arraignment caused by contumacious defendant's failure to retain lawyer), *cert. denied*, 500 U.S. 906 (1991).

[7]   The speedy trial clock was also independently tolled on July 16th by virtue that day of the government's motion to disclose grand jury materials and the Court's order granting that motion (DE 27-28).

excludable time elapsed between July 17 and July 29, 2013, when the next pretrial motion in the case, the government's motion for a physical examination, was filed (DE 31). [8]

8. The government motion for physical examination tolled the speedy trial clock through August 2, 2013, when the Court issued its order granting the motion and *sua sponte* directing that defendant Williams undergo a psychiatric examination (DE 37). By that order's express terms, the speedy trial clock remains tolled in this case "pending the Court's decision as to whether a competency hearing will be necessary" (*id*., Order at 5-6). This tolling ruling is in accord with the Speedy Trial Act's explicit exclusion from speedy trial computation of "delay[s] resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." 18 U.S.C. § 3161(h)(1(A).

9. Accordingly, unless further exclusions from the speedy trial computations arise, a total of ***27 days*** of non-excludable time will have elapsed from the 70 day speedy trial clock, when competency proceedings relating to defendant Williams' mental and physical condition are concluded and the Court makes its final determinations as to his mental competency and physical capacity to stand trial and represent himself. Correspondingly, once the speedy trial clock resumes, there will be ***43 days*** remaining in which to commence trial in this case. Trial will be deemed to have commenced, for the purposes of the Speedy Trial Act, however, with the commencement of voir dire, providing that there is not an unwarranted delay between the conclusion of voir dire proceedings and when the jury is sworn and opening statement and further trial proceedings commence. *See United States v. Andrews*, 790 F.2d 803, 807-08 (10th

---

[8] This twelve day period embraces July 17th, the day immediately following the two day toll, through July 28th, the day immediately before the filing of the government's motion for a physical examination.

Cir. 1986), *cert. denied*, 481 U.S. 1018 (1987); *United States v. Martinez*, 749 601, 605 (10th Cir. 1984).

   10. Based on the foregoing, therefore, the government submits that, should no objections be filed with respect to the Court's provisional views concerning competency and should the Court resolve the mental competency and physical capacity issues as of September 24, 2013 (*i.e.*, the final day for defendant Williams to file objections), then trial should commence within the meaning of the Speedy Trial Act 43 days thereafter, that is, by November 6, 2013, with the Court commencing jury selection by that date.

### Request for Scheduling Conference

   11. As of now, following the completion of competency related proceedings, the only proceedings that would be left for the Court to schedule in this case would appear to be the final pretrial conference, jury selection and the trial itself. The government respectfully submits that it would be beneficial to both the Court and the parties for the Court to have input by the parties, in connection with the setting of these proceedings. A scheduling conference will afford the Court opportunity to hear from the parties concerning the status of the case and the lead time that the parties would deem necessary to be prepared for these proceedings.

   12. The government, for its part, estimates that there are approximately 38 prospective government witnesses who may be called to testify in this case. Subpoenas will need to be re-issued and served on most of these witnesses, a significant number of whom reside either outside of the State of Colorado or the Denver, Colorado metropolitan area. The government would wish to canvass these witnesses to determine whether any of them would have any significant scheduling conflicts with trial in this case and would seek to make any such significant conflicts

known to the Court in advance of the Court's scheduling of trial in this case. A scheduling conference would offer an ideal forum to raise and address any such scheduling issues with the Court.

13.   A scheduling conference would also potentially be beneficial to defendant Williams, who, at present, remains *pro se*. It will afford defendant Williams a forum to advise the Court as to his trial readiness and how much additional time, if any, he would need to be prepared to defend this case.[9] Finally, a scheduling conference would also be an appropriate forum to address with finality whether a standby counsel should be on hand for the purposes of assuming the defense of defendant Williams at trial, should events warrant, and, if standby counsel is deemed warranted, to address the trial readiness of counsel.[10]

WHEREFORE, the United States respectfully requests that the Court grant this motion and conduct a scheduling conference in this case concerning trial and related proceedings, following the conclusion of proceedings and final determinations regarding defendant Williams' mental competency and physical capacity to stand trial and represent himself in this case.

---

[9]   As previously indicated, defendant Williams has refused to date to accept, no less review, the 26,000-plus pages of government disclosure materials. The government anticipates shortly producing additional disclosure materials, which will include an expert report and supporting schedules of an IRS Revenue Agent who will be called to provide expert testimony concerning the tax loss in this case.

[10]   Whether or not there should be standby counsel in this case was an issue, to be sure, that was addressed in some measure by the Court on August 22, 2013 (DE 45). At that time, there was some colloquy (but no definitive resolution) concerning how and whether the case would go forward, in the midst of trial, in the event that defendant Williams were to engage in obstreperous conduct of the sort that caused him to be removed from the courtroom on that day.

Respectfully submitted,

JOHN F. WALSH
United States Attorney

by: s/ Kenneth M. Harmon
KENNETH M. HARMON
Assistant United States Attorney
U.S. Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Tel. No. (303) 454-0100
Fax No. (303) 454-0402
E-mail: kenneth.harmon@usdoj.gov

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 20th day of September, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF which will send notification of such filing to counsel at the following e-mail addresses:


Martha H. Eskesen, P.C.
5445 DTC Parkway, Penthouse 4
Greenwood Village, CO 80111
Telephone: (303) 486-6938
Facsimile: (303) 573-4921
E-mail: meskesen@eskesenlaw.com

 And I hereby certify that I have caused a copy of the foregoing to be mailed, by U.S. Mail, to defendant Michael Destry Williams at the following address:

Michael-destry Family of Williams
Reg. No. 39714-013
Federal Detention Center
9595 W. Quincy Avenue
Littleton, CO 80123


           s/ Andrea K. Hough
           ANDREA K. HOUGH
           Office of the United States Attorney