IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 12-CR-000140-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    MICHAEL DESTRY WILLIAMS,

    Defendant.

---

## GOVERNMENT'S NOTICE OF LEGAL AUTHORITY IN CONNECTION WITH THE ISSUE OF APPOINTMENT OF STANDBY COUNSEL

---

The United States of America, by and through its undersigned counsel, hereby notifies the Court of the following legal authority and case law bearing on the issue of appointing standby counsel for defendant Williams, in connection with contemplated trial proceedings in this case:

1.    As indicated in the government's recent motion to conduct a scheduling conference in this case (DE 58),[1] whether or not the Court should appoint counsel to act in a standby counsel in connection with trial proceedings in this case would be an issue that the Court may further wish to explore at a scheduling conference in this case.

2.    On August 22, 2013, the Court expressed its provisional views about the matter, ruling that, for the time being, the Court would limit the role of court-appointed counsel to an advisory capacity strictly associated with the issue of determining defendant Williams' mental capacity to stand trial and proceed *pro se* (DE 58, Status Conf. Tr. at 4, 10, 17).  The Court so ruled, after engaging with undersigned government counsel and court-appointed counsel in

---

[1]    "DE" refers to docket entries in this case.

colloquy concerning how the case would proceed were defendant Williams to engage in obstreperous in-court conduct necessitating his removal from the courtroom.  The Court acknowledged the distinct possibility that defendant Williams would behave himself in a manner requiring him to be removed from the courtroom and that there was a concern about having appointed standby counsel on hand throughout trial proceedings only to be thrust into a position of representing a defendant who did not wish to be represented and would be uncooperative (id., Tr. at 9-10).  The Court acknowledged that whether to appoint standby counsel under these circumstances and to have counsel act on behalf of defendant Williams in the event that he was involuntarily removed was a matter for further research and invited counsel to provide the Court with case law on the issue (id., Tr. at 10, ll. 4-20).

3. The government commends the following cases to the Court for its review, in connection with this issue:

*United States v. Wallace*, __ Fed. Appx. __, 2013 WL 2631526 (10th Cir. June 13, 2013), affirming conviction of *pro se* defendant who voluntarily absented himself from certain portions of trial before voluntarily returning to defend himself and holding that there was no Sixth Amendment violation in the trial court's decision not to terminate, upon his voluntary absence, defendant's right to self-representation and to direct previously appointed standby counsel to assume his defense instead.

*Davis v. Grant*, 532 F.3d 132 (2d Cir. 2008), cited by the Tenth Circuit in *Wallace* as a signal by the Second Circuit that where a misbehaving *pro se* defendant is involuntarily removed

from trial, standby counsel should be on hand and should be ordered to step in. *United States v. Wallace*, supra, 2013 WL 2631526 *4 n. 2 .[2]

Respectfully submitted,

JOHN F. WALSH
United States Attorney

by: s/ Kenneth M. Harmon
KENNETH M. HARMON
Assistant United States Attorney
U.S. Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Tel. No. (303) 454-0100
Fax No. (303) 454-0402
E-mail: kenneth.harmon@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of September, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF which will send notification of such filing to counsel at the following e-mail addresses:

Martha H. Eskesen, P.C.
5445 DTC Parkway, Penthouse 4
Greenwood Village, CO 80111
Telephone: (303) 486-6938
Facsimile: (303) 573-4921
E-mail: meskesen@eskesenlaw.com

---

[2] In *Davis v. Clark*, the Second Circuit affirmed the denial of a habeas petition by a state court defendant who had been involuntarily removed from the courtroom during several portions of trial and whose standby counsel was directed not to intervene on his behalf during the absences. The appellate court observed that, had the case come to it for review on direct appeal, it might have concluded that the trial court in *Davis* were required to appoint standby counsel to act on the *pro se* defendant's behalf during these involuntary absences. 532 F.3d at 139-40, 143-45.

     And I hereby certify that I will make available a copy of the foregoing in open court at the September 24, 2013 Scheduling Conference to defendant Michael Destry Williams.

                                           s/ Kenneth M. Harmon
                                           KENNETH M. HARMON
                                           Assistant United States Attorney
                                           U.S. Attorney's Office
                                           1225 Seventeenth Street, Suite 700
                                           Denver, Colorado 80202
                                           Tel. No. (303) 454-0100
                                           Fax No. (303) 454-0402
                                           E-mail: kenneth.harmon@usdoj.gov

4