**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Criminal Case No. 12-cr-00140-CMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MICHAEL DESTRY WILLIAMS,

      Defendant.

---

## **[PROPOSED]** JURY INSTRUCTIONS

INSTRUCTION NO. 1  INTRODUCTION TO FINAL INSTRUCTIONS ........................... 3

INSTRUCTION NO. 2  PURPOSE OF JURY AND DUTY TO FOLLOW
INSTRUCTIONS ...................................................................................................... 4

INSTRUCTION NO. 3  PRESUMPTION OF INNOCENCE, BURDEN OF PROOF,  AND
REASONABLE DOUBT ............................................................................................ 5

INSTRUCTION NO. 4  EVIDENCE – DEFINED............................................................. 6

INSTRUCTION NO. 5  EVIDENCE – DIRECT AND CIRCUMSTANTIAL –
INFERENCES .......................................................................................................... 7

INSTRUCTION NO. 6  CREDIBILITY OF WITNESSES ................................................. 8

INSTRUCTION NO. 7  EXPERT WITNESS................................................................... 9

INSTRUCTION NO. 8  CAUTION – PUNISHMENT AND PRO SE DEFENDANT ........ 10

INSTRUCTION NO. 9  "ON OR ABOUT"..................................................................... 11

INSTRUCTION NO. 10  COUNT 1 – 2005 TAX EVASION - ELEMENTS..................... 12

INSTRUCTION NO. 11  COUNT 2 – 2006 TAX EVASION - ELEMENTS..................... 15

INSTRUCTION NO. 12  COUNT 3 – 2007 TAX EVASION – ELEMENTS.................... 19

INSTRUCTION NO. 13 STRUCTURING TRANSACTIONS TO EVADE CURRENCY
REPORTING REQUIREMENTS – ELEMENTS............................................................ 21

INSTRUCTION NO. 14 ELEMENTS OF OFFENSE BANK FRAUD - ELEMENTS ....... 24

INSTRUCTION NO. 15 ELEMENTS OF OFFENSE FICTITIOUS OBLIGATIONS -
ELEMENTS ............................................................................................................ 26

INSTRUCTION NO. 16 ELEMENTS OF OFFENSE CORRUPTLY OBSTRUCTING
AND IMPEDING ADMINISTRATION INTERNAL REVENUE LAWS - ELEMENTS ...... 28

INSTRUCTION NO. 17 AGENT OF THE DEFENDANT ............................................... 33

INSTRUCTION NO. 18 PROOF OF KNOWLEDGE OR INTENT ................................. 34

INSTRUCTION NO.  19 "KNOWINGLY" – DEFINED .................................................... 35

INSTRUCTION NO. 20 SIMILAR ACTS...................................................................... 36

INSTRUCTION NO. 21 DUTY TO DELIBERATE – VERDICT FORM .......................... 37

INSTRUCTION NO. 22 COMMUNICATIONS WITH THE COURT ............................... 39

**INSTRUCTION NO. 1**
**INTRODUCTION TO FINAL INSTRUCTIONS**


Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges, you are the other.  I am the judge of the law.  You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions that apply in every criminal case – for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return.  You will be allowed to take these instructions with you to the jury deliberation room, so you need not take notes as I read them to you.

*[Court's standard final instruction]*

**INSTRUCTION NO. 2**
**PURPOSE OF JURY AND DUTY TO FOLLOW INSTRUCTIONS**

You are here to decide whether the Government has proved beyond a reason-able doubt that Mr. Williams is guilty of the crimes charged.  Mr. Williams is not on trial for any act, conduct, or crime not charged in the superseding indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crimes charged.  The fact that another person also may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether Mr. Williams has been proved guilty of the crimes charged.

You, as jurors, are the judges of the facts.  But in determining what actually happened – that is, in reaching your decision as to the facts – it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be.  That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took.

*[Court's standard final instruction]*

4

**INSTRUCTION NO. 3**
**PRESUMPTION OF INNOCENCE, BURDEN OF PROOF,**
**AND REASONABLE DOUBT**

The Court instructs you that you must presume Mr. Williams to be innocent of the crimes charged.  Although Mr. Williams is accused of crimes in the superseding indictment, he begins the trial with a "clean slate" – with no evidence against him.  The law permits the jury to consider only legal evidence presented in court.  Although Instructions 10 through 16 include allegations from the superseding indictment, please keep in mind that these allegations are not evidence of guilt.  In fact they are not evidence of any kind.

The Government has the burden of proving Mr. Williams guilty beyond a reasonable doubt.  Unless the Government proves, beyond a reasonable doubt, that Mr. Williams has committed each and every element of the offenses charged in the superseding indictment, you must find him not guilty of those offenses not proven.  This burden never shifts to Mr. Williams because the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses, producing any evidence, or even cross-examining the Government's witnesses.

Although the Government's burden of proof is a strict and heavy burden, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  There are very few things in this world that we know with absolute certainty.  The test is one of reasonable doubt.  A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.  Reasonable doubt may arise from the evidence, the lack of evidence, or the nature of the evidence. It is the kind of doubt that would make a reasonable person hesitate to act.  Proof beyond a reasonable doubt must, therefore, be proof which is so convincing that a reasonable person would not hesitate to rely and act upon it in making the most important decisions in his/her own life.

*[Court's standard final instruction, modified to reflect that some allegations from the superseding indictment have been included in the elements instructions relating to tax evasion.]*

**INSTRUCTION NO. 4**
**EVIDENCE – DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  My comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers or parties asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

*[Court's standard final instruction.]*

6

**INSTRUCTION NO. 5**
**EVIDENCE – DIRECT AND CIRCUMSTANTIAL –**
**INFERENCES**

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case.  One is direct evidence, such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence.  The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

Although you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits; inferences you feel are justified in the light of common experience.  Inferences are conclusions that reason and common sense lead you to draw from the facts established by the evidence in the case.

*[Court's standard final instruction]*

7

**INSTRUCTION NO. 6**
**CREDIBILITY OF WITNESSES**

I remind you that it is your job to decide whether the Government has proved the guilt of Mr. Williams beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness' testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. You should keep in mind that innocent misrecollection – like failure of recollection – is not uncommon.

Mr. Williams did not testify and I remind you that you cannot consider his/her decision not to testify as evidence of guilt. I want you to clearly understand that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify or call any witnesses. That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

*[Court's standard final instruction.]*

8

**INSTRUCTION NO. 7**
**EXPERT WITNESS**

In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion.  You should consider opinion testimony just as you consider other testimony in this trial.  Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

*[Government's Non-Stipulated Instruction. This instruction is consistent with 10th Cir. Pattern Instruction 1.17]*

**INSTRUCTION NO. 8**
**CAUTION – PUNISHMENT AND PRO SE DEFENDANT**

If you find Mr. Williams guilty, it will be my duty to decide what the punishment will be.  You should not discuss or consider the possible punishment in any way while deciding your verdict.

Moreover, Mr. Williams has decided to represent himself in this trial and not to use the services of a lawyer. He has a constitutional right to do that. His decision has no bearing on whether he is guilty or not guilty, and it must not affect your consideration in this case.

*[Court's standard final instruction, the Court added to this instruction a portion of the government's non-stipulated instruction regarding the fact that Mr. Williams is representing himself pro se]*

**INSTRUCTION NO. 9**
**"ON OR ABOUT"**

The superseding indictment charges that crimes were committed "on or about" certain dates.  The Government must prove beyond a reasonable doubt that the Mr. committed each crime reasonably near these dates.

[Court's standard final instruction]

**INSTRUCTION NO. 10**
**COUNT 1 – 2005 TAX EVASION - ELEMENTS**

Mr. Williams is charged in Count 1 of the superseding indictment with violating Title 26, United States Code, Section 7201 which makes it a crime for anyone willfully to attempt to evade or defeat the payment of federal income tax.

For you to find Mr. Williams guilty of Count 1, the government must prove each of the following three elements beyond a reasonable doubt:

1. Mr. Williams owed substantial income tax for the year 2005;

2. Mr. Williams intended to evade and defeat payment of that tax;

3. Mr. Williams committed one or more affirmative acts in furtherance of this intent; and

4. Mr. Williams acted willfully, that is, with the voluntary intent to violate a known legal duty

With respect to element 1, the government need not prove the exact amount of the tax due. The government is required only to prove, beyond a reasonable doubt, that the tax due was substantial.

With respect to element 2, "evade or defeat" the payment of tax means to escape paying a tax due other than by lawful avoidance.

With respect to element 3, an affirmative act includes any conduct the likely effect of which would be to mislead or conceal.  The government is required to prove only that Mr. Williams engaged in or caused one of the alleged acts set forth in paragraphs A through I below.  In order to meet this element, all twelve of you must agree that the Government has proven beyond a reasonable doubt that Mr. Williams engaged in or caused at least one of the alleged affirmative acts, and you must all agree on the same act.  As alleged in the indictment, which I remind you is not part of the evidence to be considered at trial, these affirmative acts include:

A.   ~~Over the course of~~ From April 2005 through July 2005, issuing checks to himself from Greenview Construction, Inc.'s ("Greenview") bank account totaling $4,500, which checks he then caused to be recorded in Greenview's accounting books and records as payments by Greenview for consulting fees;

B.   ~~Over the course of~~ From July 2005 through November 2005, causing Colorado Housing & Investment Program, L.L.C., ("CHIP") to issue checks for its quarterly distributions to him through checks made payable to M.D. Williams, Inc. ("MDW, Inc.") which checks he then deposited into a bank

12

account for MDW, Inc. and M.D. Williams Enterprises, Inc. ("MDWE");

C.     Following his receipt of CHIP's Schedule K-1 for him for 2005, reporting the foregoing and other payments to him from CHIP over the course of 2005, contending that his investment in CHIP was through his corporations, MDW, Inc. and MDWE, and not individually, and sending a letter dated April 10, 2006 to CHIP's accountant indicating that the use of his social security account number in the Schedule K-1 as the taxpayer identification number (hereinafter, "TIN") for the investment was fraudulent and incorrect and that the Taxpayer Identification Number ("TIN") for MDWE was the correct TIN to be used for tax reporting purposes for his investment in CHIP;

D.     On or about November 28, 2005, in connection with his sale of a real estate parcel located at 333 W. Hidalgo Drive, Pueblo, Colorado, a property that he held individually, executing an IRS Form W-9 falsely representing that the seller of the 333 W. Hidalgo Drive property was MDW, Inc. and identifying MDWE's TIN as the TIN for the seller, thereby causing the title company conducting the closing of the sale of this property to report the proceeds that he received on the sale to be reported to the IRS under MDWE's TIN;

E.     In or about late November or early December 2007, representing to an accountant whom he had engaged to prepare corporate federal income tax returns for Greenview and MDWE (hereinafter, the "corporate return tax preparer") that both corporations were not owned directly by him but rather through a purported trust, which he identified as "Millstone," which owned all the shares of both corporations;

F.     In connection with the foregoing representation, applying to the IRS for a TIN for Millstone and representing in the application that the trustee of Millstone was an individual identified herein as "R.M.McK," a sub-contractor who worked for defendant WILLIAMS in his construction business;

G.     Providing the corporate return tax preparer with a letter from the IRS, dated December 5, 2007, issuing a TIN to Millstone, through its purported trustee, R.M.McK;

H.     On or about December 7, 2007, signing and then causing to be filed with the IRS a corporate income tax return for Greenview, on IRS Form 1120, for the year 2005, which return:

     1.     Represented that Millstone Trust owned 100% of the shares of Greenview; and

2. Represented that Greenview had paid no wages or salaries, no officer compensation and no dividends to defendant WILLIAMS and which incorporated payments that he had, in fact, received from Greenview for 2005 into a broader category of consulting fees and other costs of goods sold by the corporation for the year.

I. On or about January 11, 2008, signing and then causing to be filed with the IRS a corporate income tax return for MDWE, on IRS Form 1120, for the year 2005, which return:

1. Represented that Millstone owned 100% of the shares of MDWE; and

2. Represented that MDWE had paid no wages or salaries, no officer compensation and no dividends to defendant WILLIAMS and which incorporated payments that he had, in fact, received from MDWE for 2005 into a broader category of purchases that MDWE had made for the year, a component of its costs of goods sold.

[*Government's Non-Stipulated Instruction, modified for clarity and to include allegations in the indictment.*

**Sources**:
10th Cir. Crim. Jury Instr. 2. 92 (2011)(modified to include tax year; third element incorporates affirmative acts alleged in superseding indictment);

Addition of paragraph defining affirmative act: Pattern Crim. Jury Instr. 5th Cir. 2.95 (2011); *Spies v. United States*, 317 U.S. 492, 499 (1942).

Addition of paragraph regarding proof of one affirmative act, unanimity: *United States v. Farr*, 536 F.3d 1174, 1188 (10th Cir. 2008) (only proof of one affirmative act per count necessary)]

**INSTRUCTION NO. 11**
**COUNT 2 – 2006 TAX EVASION - ELEMENTS**

Mr. Williams is charged in Count 2 of the superseding indictment with violating Title 26, United States Code, Section 7201 which makes it a crime for anyone willfully to attempt to evade or defeat the payment of federal income tax.

For you to find Mr. Williams guilty of Count 2, the government must prove each of the following three elements beyond a reasonable doubt:

1. Mr. Williams owed substantial income tax for the year 2006;

2. Mr. Williams intended to evade and defeat payment of that tax;

3. Mr. Williams committed one or more affirmative acts in furtherance of this intent; and

4. Mr. Williams acted willfully, that is, with the voluntary intent to violate a known legal duty

With respect to element 1, the government need not prove the exact amount of the tax due. The government is required only to prove, beyond a reasonable doubt, that the tax due was substantial.

With respect to element 2, "evade or defeat" the payment of tax means to escape paying a tax due other than by lawful avoidance.

With respect to element 3, an affirmative act includes any conduct the likely effect of which would be to mislead or conceal.  The government is required to prove only that Mr. Williams engaged in or caused one of the alleged acts set forth in paragraphs A through K below.  In order to meet this element, all twelve of you must agree that the Government has proven beyond a reasonable doubt that Mr. Williams engaged in or caused at least one of the alleged affirmative acts, and you must all agree on the same act.  As alleged in the indictment, which I remind you is not part of the evidence to be considered at trial, these affirmative acts include:

A.     On or about November 9, 2005, executing, and causing an employee, an individual identified herein as "DRCW", and an associate to execute, various documents purporting to create a trust in the name of "Skyview," which documents, among other things, described DRCW as the "settlor" of the trust and defendant WILLIAMS as a manager of the trust;

B.     On or about April 13, 2006, in his purported capacity as trust manager, opening a brokerage account with RBC Dain Rauscher (hereinafter, "RBC") in the name of Skyview, and representing

15

DRCW's social security account number as the account holder's social security account number/employer identification number on the account opening documents;

C.     Over the course of June 2006 through November 2006, issuing checks made payable to Skyview from Greenview's bank account totaling $91,000, which checks he then caused to be recorded in Greenview's accounting books and records as payments by Greenview for consulting fees to Skyview; depositing said checks into Skyview's RBC brokerage account; and using the proceeds of said checks for various purposes;

D.     Over the course of August 2006 through October 2006, issuing checks made payable to Skyview from M.D. Williams Enterprises, Inc.'s ("MDWE") bank account totaling $13,000, which checks he then caused to be recorded in Greenview's accounting books and records as payments by MDWE for consulting expenses and profit payments to an associate; depositing said checks into Skyview's RBC brokerage account; and using the proceeds of said checks for various purposes;

E.     On or about March 30, 2006, in connection with his sale of a real estate parcel located at 427 Morrison Avenue, Pueblo, Colorado, a property that he held individually, executing an IRS Form W-9 falsely representing that the seller of the 427 Morrison Avenue property was M.D. Williams, Inc. ("MDW, Inc.") thereby causing the title company conducting the closing of the sale of this property to report the proceeds that he received on the sale to be reported to the IRS under MDWE's TIN;

E.1.   In connection with the foregoing sale, directing the title company to make the seller's proceeds check, in the amount of approximately $24,233, payable to MDW, Inc.; depositing the check into a bank account for MDWE; and thereafter recording the deposit as a management fee to MDWE in its accounting books and records;

F.     On or about August 22, 2006, in connection with his sale of a real estate parcel located at 1806 E. 8th Street, Pueblo, Colorado, a property that he held individually, executing an IRS Form W-9 falsely representing that the seller of the 1806 E. 8th Street property was MDW, Inc. and identifying MDWE's Taxpayer Identification Number ("TIN") as the TIN for the seller, thereby causing the title company conducting the closing of the sale of this property to report the proceeds that he received on the sale to the IRS under MDWE's TIN;

F.1.    In connection with the foregoing sale, directing the title company to make a seller's proceeds check, in the amount of approximately $7,397, payable to MDW, Inc.; depositing the check into a bank account for MDWE; and thereafter recording the deposit as investment fee income to MDWE in its accounting books and records;

G       On or about December 7, 2007, signing and then causing to be filed with the IRS a corporate income tax return for ==Greenview Construction, Inc. ("Greenview")==, on IRS Form 1120, for the year 2006, which return:

    1.      Represented that Millstone Trust owned 100% of the shares of Greenview; and

    2.      Represented that Greenview had paid no wages or salaries, no officer compensation and no dividends to defendant WILLIAMS and which characterized payments that he had, in fact, received (in the name of Skyview) from Greenview for 2005 as consulting expenses and incorporated them into a broader category of other costs of goods sold by the corporation for the year.

H.      In or about late November or early December 2007, representing to an accountant whom he had engaged to prepare corporate federal income tax returns for Greenview and MDWE (hereinafter, the "corporate return tax preparer") that both corporations were not owned directly by him but rather through a purported trust, which he identified as "Millstone," which owned all the shares of both corporations;

I.      In connection with the foregoing representation, applying to the IRS for a TIN for Millstone and representing in the application that the trustee of Millstone was an individual identified herein as "R.M.McK," a sub-contractor who worked for defendant WILLIAMS in his construction business;

J.      Providing the corporate return tax preparer with a letter from the IRS, dated December 5, 2007, issuing a TIN to Millstone, through its purported trustee, R.M.McK;

K.      On or about January 11, 2008, signing and then causing to be filed with the IRS a corporate income tax return for MDWE, on IRS Form 1120, for the year 2006, which return:

    1.      Represented that Millstone owned 100% of the shares of MDWE;

2.      Represented that MDWE had paid no wages or salaries, no officer compensation and no dividends to defendant WILLIAMS and which incorporated payments that he had, in fact, received from MDWE (through Skyview) for 2006 into a broader category of purchases that MDWE had made for the year or sub-contractor expenses of MDWE, both components of its costs of goods sold; and

3.      Included payments that defendant WILLIAMS received as proceeds on the sales of the 427 Morrison Avenue and 1806 E. 8th Street properties as gross receipts of MDWE for 2006.

[*Government's Non-Stipulated Instruction.  Same modifications as on Instruction #10. Subparagraph H of the Indictment on Count 2 incorporates by reference paragraphs A-G of the affirmative acts alleged in Count 1.  The Court agrees that the acts referenced in subparagraphs E through G of Count 1 could serve as the basis for tax evasion charges for both 2005 and 2006 because they concern Mr. Williams' alleged work with a "corporate return preparer" in 2007 to cover up acts occurring in both of these years. However, the acts referred to in Subparagraphs A through D of Count 1 appear to have occurred entirely in 2005 or concern acts aimed solely at evading the payment of 2005 taxes. The government has not explained why the acts described in Subparagraphs A through D could serve as the basis for criminal liability under Count 2. Therefore, the Court includes as subparagraphs H, I, and J in these instructions only the language from Subparagraphs E through G of Count 1 of the Indictment*]

18

**INSTRUCTION NO. 12**
**COUNT 3 – 2007 TAX EVASION – ELEMENTS**

Mr. Williams is charged in Count 3 of the superseding indictment with violating Title 26, United States Code, Section 7201 which makes it a crime for anyone willfully to attempt to evade or defeat the payment of federal income tax.

For you to find Mr. Williams guilty of Count 2, the government must prove each of the following three elements beyond a reasonable doubt:

1.  Mr. Williams owed substantial income tax for the year 2006;

2.  Mr. Williams intended to evade and defeat payment of that tax;

3.  Mr. Williams committed one or more affirmative acts in furtherance of this intent; and

4.  Mr. Williams acted willfully, that is, with the voluntary intent to violate a known legal duty

With respect to element 1, the government need not prove the exact amount of the tax due. The government is required only to prove, beyond a reasonable doubt, that the tax due was substantial.

With respect to element 2, "evade or defeat" the payment of tax means to escape paying a tax due other than by lawful avoidance.

With respect to element 3, an affirmative act includes any conduct the likely effect of which would be to mislead or conceal.  The government is required to prove only that Mr. Williams engaged in or caused one of the alleged acts set forth in paragraphs A and B below.  In order to meet this element, all twelve of you must agree that the Government has proven beyond a reasonable doubt that Mr. Williams engaged in or caused at least one of the alleged affirmative acts, and you must all agree on the same act.  As alleged in the indictment, which I remind you is not part of the evidence to be considered at trial, these affirmative acts include:

A.   Over the course of January 2007 through August 2007, causing at least $7,800 in checks issued to him by the Colorado Housing & Investment Program, L.L.C., ("CHIP") to be deposited into Skyview's brokerage account at RBC Dain Rauscher (hereinafter, "RBC");

B.   On or about May 18, 2007, causing a check in the amount of approximately $67,000 to be issued by a title company and made payable to Skyview, representing the repayment of principal and interest of a short term loan extended by defendant WILLIAMS (through Skyview), and depositing that check into Skyview's brokerage account at RBC.

19

[*Government's Non-Stipulated Instruction.  See Instruction #10*]

**INSTRUCTION NO. 13**
**STRUCTURING TRANSACTIONS TO EVADE CURRENCY REPORTING**
**REQUIREMENTS – ELEMENTS**

Mr. Williams is charged in Count 4 of the superseding indictment with structuring transactions to evade currency reporting requirements, in violation of Title 31, United States Code, Section 5324(a)(3).  This law makes it a crime to structure any transaction with one or more domestic financial institutions in order to evade the reporting requirements of Title 31, United States Code, Section 5324(a)(3).

Section 5313(a) and its implementing regulations require the filing of a government form called a Currency Transaction Report (CTR). Those regulations require that every domestic financial institution that engages in a currency transaction of over $10,000 must file a report with the Internal Revenue Service. The institution must furnish, among other things, the identity and address of the person engaging in the transaction, the person or entity, if any, for whom he is acting, and the amount of the currency transaction. The Currency Transaction Report must be filed within 15 days of the transaction.

A "financial institution" as used in this instruction includes an insured bank, which includes banks the deposits of which are insured by the Federal Deposit Insurance Corporation.

To find Mr. Williams guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

1.  Mr. Williams knowingly structured a currency transaction;

2.  Mr. Williams knew of the domestic financial institution's legal obligation to report transactions in excess of $10,000; and

3.  The purpose of the structured transaction was to evade that reporting obligation.

A person structures a transaction if that person, acting alone or with others, conducts one or more currency transactions in any amount, at one or more financial institutions, on one or more days, for the purpose of evading the reporting requirements described earlier. Structuring includes breaking down a single sum of currency exceeding $10,000 into smaller sums, or conducting a series of currency transactions, including transactions at or below $10,000. Illegal structuring can exist even if no transaction exceeded $10,000 at any single financial institution on any single day.

It is not necessary for the government to prove that a defendant knew that structuring a transaction to avoid triggering the filing requirements was itself illegal. The government must prove beyond a reasonable doubt only that a defendant structured currency transactions with knowledge of the reporting requirements and with the specific intent to avoid said reporting requirements.

21

The superseding indictment, which the Court reminds the jury is not evidence, alleges as follows with respect to Count 4:

15.     At all times material to this indictment, Sunflower Bank was a domestic financial institution required, pursuant to Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, to file with the Secretary of Treasury a Currency Transaction Report on FinCen Form 104 for each deposit, withdrawal, exchange of currency or other payment or transfer by, through or to such institution which involved a transaction in currency of more than $10,000.

16.     From on or about July 28, 2008 through on or about September 29, 2008, the exact dates being unknown to the Grand Jury, in the State and District of Colorado, the defendant, **MICHAEL DESTRY WILLIAMS, a/k/a "Will Williams,"** directly and through a person known to the Grand Jury, did, for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure, cause to be structured, and did command, counsel and assist in structuring a transaction or transactions with domestic financial institutions, to wit, the conversion of approximately $92,100 in funds on deposit in a brokerage account with RBC Dain Rauscher, account number 1101-7601-3631, opened by defendant WILLIAMS on behalf of Skyview Trust (hereinafter, "Skyview Trust Account"), into United States currency, through the following transactions with and involving Sunflower Bank:

| 7/28/2008 | Negotiation of Skyview Trust Account Check No. 1003 in the amount of $9,400, payable to an individual identified herein as R.M.McK, in exchange for $9,400 in U.S. currency |
| --- | --- |
| 7/28/08 | Negotiation of Skyview Trust Account Check No. 1004 in the amount of $9,400, payable to Will Williams, in exchange for $9,400 in U.S. currency |
| 8/15/08 | Negotiation of Skyview Trust Account Check No. 1006 in the amount of $9,800, payable to Will Williams, in exchange for $9,800 in U.S. currency |
| 8/22/08 | Negotiation of Skyview Trust Account Check No. 1005 in the amount of $9,800, payable to Will Williams, in exchange for $9,800 in U.S. currency |
| 8/28/08 | Negotiation of Skyview Trust Account Check No. 1014 in the amount of $9,800, payable to Michael Desty [sic] Williams, in exchange for $9,800 in U.S. currency |
| 9/3/08 | Negotiation of Skyview Trust Account Check No. 1015 in the amount of $3,000, payable to Michael Desty [sic] Williams, in exchange for $3,000 in U.S. currency |

| 9/4/08 | Negotiation of Skyview Trust Account Check No. 1017 in the amount of $5,000, payable to an individual identified herein as R.M.McK, in exchange for $5,000 in U.S. currency |
|--------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 9/10/08 | Negotiation of Skyview Trust Account Check No. 1018 in the amount of $9,800, payable to Michael Desty [sic] Williams, in exchange for $9,800 in U.S. currency |
| 9/19/08 | Negotiation of Skyview Trust Account Check No. 1020 in the amount of $9,800, payable to Michael Desty [sic] Williams, in exchange for $9,800 in U.S. currency |
| 9/19/08 | Negotiation of Skyview Trust Account Check No. 1021 in the amount of $6,500, payable to an individual identified herein as R.M.McK, in exchange for $6,500 in U.S. currency |
| 9/29/08 | Negotiation of Skyview Trust Account Check No. 1024 in the amount of $9,800, payable to Michael Desty [sic] Williams, in exchange for $9,800 in U.S. currency |

*[Government's Non-Stipulated Instruction.  Source: 10th Cir. Crim. Jury Instr. 2.96 (2011)(modified); Addition of defining "financial institution": 18 U.S.C. § 5312(a)(2); 12 U.S.C. § 1813(h).  The Court is confused as to the government's theory on proving the structuring count.  On the face of the superseding indictment, it seems plausible that the government's theory is that Mr. Williams is alleged to have "structured" a transaction valued at approximately $92,000 through engaging in a series of smaller deposits listed in the table. Alternatively, the superseding indictment could be read as alleging eleven different "structured" transactions listed in the above table, only one of which needs to be proved beyond a reasonable doubt.  The government is encouraged to clarify its theory as to the structuring charge and to suggest modifications to this instruction to clarify how it intends to prove this charge.]*

**INSTRUCTION NO. 14**
**ELEMENTS OF OFFENSE**
**BANK FRAUD - ELEMENTS**

Mr. Williams is charged in Counts 5 and 6 of the superseding indictment with bank fraud, in violation of Title 18, United States Code, Section 1344. This law makes it a crime to execute or attempt to execute a scheme or artifice to defraud a financial institution.

To find Mr. Williams guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

1. Mr. Williams knowingly executed, or attempted to execute, a scheme or artifice to defraud Colorado East Bank and Trust, as charged in Counts 5 and 6;

2. Colorado East Bank and Trust was a financial institution within the meaning of the law; in this case that means that the government must prove that Colorado East Bank and Trust was an institution insured by the Federal Deposit Insurance Corporation;

3. Mr. Williams acted with intent to defraud;

4. The scheme employed material deceit or falsehood, or involved concealment or omissions of material fact, meaning deceit or falsehood or facts  that would naturally tend to influence, or be capable of influencing, the decisions of the financial institution in this case, that is, Colorado East Bank and Trust ; and

5. Mr. Williams placed Colorado East Bank and Trust at risk of civil liability or financial loss.

A "scheme or artifice to defraud" includes any design, plan, pattern or course of action intended to deceive others in order to obtain something of value, such as money, from the institution to be deceived.  A scheme to defraud does not need to be executed by means of an affirmative misrepresentation of fact.

The superseding indictment, which the Court reminds the jury is not evidence, alleges that Mr. Williams executed and attempted to execute a bank fraud scheme and artifice to defraud, by conducting, directly and through others, the following two transactions:

**Count 5**: 11/19/2009 - Deposit to Colorado East Account No. 1465699101 of a purported check identified as  United States Treasury Check No. 1551, dated 11/5/09, in the amount of $25,000, payable to Greenview Construction

**Count 6**: 11/12/2009  - Deposit to Colorado East Account No. 1465699101 of a purported check identified as  United States Treasury Check No. 1553, dated 11/5/09, in the amount of $30,000, payable to Greenview Construction

[*Government's Non-Stipulated Instruction, modified to incorporate the allegations of the superseding indictment*

**Source**: 10th Cir. Crim. Jury Instr. 2.58 (2011) & User Notes, as modified based on *United States v. Swanson*, 360 F.3d 1155, 1163-65 (10th Cir. 2004); *United States v. Cronic*, 900 F.2d 1511, 1513-14 (10th Cir. 1990). *McNally v. United States*, 483 U.S. 350, 358 (1987).  O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions*, Fifth Edition, 2000, §§ 47.14. *See* 18 U.S.C. § 21 (for definition of financial institution).]

**INSTRUCTION NO. 15**
**ELEMENTS OF OFFENSE**
**FICTITIOUS OBLIGATIONS - ELEMENTS**

Mr. Williams is charged in Counts 7 through 9 of the superseding indictment with passing, presenting and uttering, and attempting to pass, present and utter, fictitious financial instruments or obligations issued under the authority of the United States, in violation of Title 18, United States Code, Section 514(a)(2).  This law makes it a crime for anyone, with the intent to defraud, to pass, utter, or present, or to attempt to pass, utter or present, a false and fictitious instrument appearing, representing, purporting or contriving through scheme or artifice to be an actual security or financial instrument issued under the authority of the United States .

To find Mr. Williams guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

1.  Mr. Williams knowingly passed, uttered, or presented, attempted to pass, utter, or present, or caused to be passed, uttered, or presented, within the United States, a false or fictitious instrument or document;

2.  The false or fictitious instrument or document appeared, was represented, or purported to be an actual security or other financial instrument issued under the authority the United States; and

3.  Mr. Williams did so with the intent to defraud.

A "security", as used in this instruction, includes checks, drafts and money orders.

A fictitious obligation, which would include a false or fictitious document or instrument as used in this instruction, is a bogus document made to appear to be an actual financial instrument, when in fact no such genuine instrument exists, and the fact of the instrument's non-existence is not revealed to the intended recipient of the document.

Fictitious obligations include bogus obligations that a prudent person might be unlikely to accept as genuine, as long as the documents resemble financial instruments or appear to be within the class of financial obligations.

The government is not required to prove that the fictitious financial instrument appeared to be an actual existing genuine financial instrument. The fictitious financial instrument need only appear to be in the class of, or bear a family resemblance to, financial instruments.

To act with "intent to defraud" means to act with an intent to cheat or deceive. It does not matter whether anyone was in fact cheated or deceived.

26

The government is not required to prove that the fictitious financial instrument was accepted by its recipient, or that Mr. Williams succeeded in defrauding the recipient or anyone else.

The superseding indictment, which the Court reminds the jury is not evidence, states as follows with respect to Counts 7 through 9:

On or about the dates set forth below, as to each of the enumerated Counts, in the State and District of Colorado, the defendant, **MICHAEL DESTRY WILLIAMS, a/k/a "Will Williams,"** with the intent to defraud, did knowingly pass, present and utter, and attempt and cause to be passed, presented and uttered, the following false or fictitious instruments and items, appearing, representing, and purporting to be actual financial instruments issued under the authority of the United States:

**Count 7**: 11/9/09: A purported check identified as United States Treasury Check No. 1551, dated 11/5/09, in the amount of $25,000, payable to Greenview Construction, and issued by or on behalf of the "United States Treasury," through the "Financial Management Services, c/o Treasury UCC Contract Div."

**Count 8**: 11/12/09: A purported check identified as  United States Treasury Check No. 1553, dated 11/5/09, in the amount of $30,000, payable to Greenview Construction, and issued by or on behalf of the "United States Treasury," through the "Financial Management Services, c/o Treasury UCC Contract Div."

**Count 9**: 2/3/10: A purported check identified as United States Treasury Check No. 1002, dated 1/14/2010, in the amount of $250,000, payable to "The Forth [sic] Judicial District Colorado Dept. of Justice," and issued by or on behalf of the "United States Treasury," through the "Financial Management Services, c/o Treasury UCC Contract Div."

[*Government's Non-Stipulated Instruction, modified to incorporate the allegations of the superseding indictment*

Sources
18 U.S.C. § 514(a)(2); *United States v. Williams*, 2011 WL 4389632 (M.D. Fla. Sept. 21, 2011)(listing elements).

For definition of "security," see 18 U.S.C. §§ 514(b); 513(c)(3)

For definition of fictitious financial obligation and required proof for same, see *United States v. Heath*, 525 F.3d 451, 458 (6th Cir. 2008) (quoting United States v. Howick, 263 F.3d 1056, 1067 (9th Cir. 2001)); *United States v. Anderson*, 353 F.3d 490, 499-501 (6th Cir. 2003); *United States v. Howick*, 263 F.3d 1056, 1066-1068 (9th Cir. 2001); *see also* Tenth Circuit Pattern Criminal Jury Instructions 2.23, 2.24 (2011)(regarding "intent to defraud").]

INSTRUCTION NO. 16
ELEMENTS OF OFFENSE
CORRUPTLY OBSTRUCTING AND IMPEDING ADMINISTRATION
INTERNAL REVENUE LAWS - ELEMENTS

Mr. Williams is charged in Count 10 of the superseding indictment with violating Title 26, United States Code, Section 7212(a). This statute makes it a crime for anyone to corruptly obstruct or impede, or to endeavor to obstruct or impede, the due administration of the Internal Revenue Laws.

To find Mr. Williams guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

Mr. Williams in any way corruptly endeavored to obstruct or impede the due administration of the Internal Revenue Laws.

To act corruptly means to act with the intent to secure an unlawful benefit for oneself or another. The unlawful benefit need not be a benefit to a defendant under the tax laws.

To endeavor is to act or make any effort to accomplish what the statute was enacted to prevent. Mr. Williams must have intended that his actions impede or obstruct the administration of the federal tax laws, and his actions or efforts must have had the natural and probable effect of obstructing or impeding the administration of the federal tax laws. In order to violate the statute, however, Mr. Williams need not have actually succeeded in impeding or obstructing the due administration of the tax code.

The phrase "due administration of the internal revenue laws" includes the Internal Revenue Service of the Department of the Treasury carrying out its lawful functions in the ascertaining of income; the computing, assessing and collecting of income taxes; the auditing of tax returns and records; and the investigation of possible criminal violations of the internal revenue laws.

Acts intended to obstruct or impede the due administration of the internal revenue laws can include acts directed at others besides the Internal Revenue Service or any of its employees and may be aimed at obstructing the administration of the tax laws with respect to another's taxes.

The superseding indictment alleges multiple methods in which the crime can be committed but the Government doesn't have to prove all of them. The Government only has to prove beyond a reasonable doubt that Mr. Williams used any one of those methods with the corrupt intent to obstruct and impede the proper administration of the Internal Revenue laws. But you must all agree on which method Mr. Williams corruptly used.

28

The superseding indictment, which the Court reminds the jury is not evidence, alleges the following acts, with respect to Count 10:

A.      Causing to be mailed to Henry M. Paulson, Jr., then the Secretary of Treasury, the following:

    1.      on or about October 28, 2008, correspondence and documents  requesting, and relating to a request, that funds in a purported personal Treasury account, identified by a number corresponding to his Social Security Account Number, be used, among other things, to settle, pay and resolve his disputes in El Paso County Case 06M1224 and Pueblo County Case 05CV176.  Among the documents defendant WILLIAMS caused to be included in this mailing was an IRS Form 56, Notice Concerning Fiduciary, purporting to appoint Paulson and his successors as fiduciaries to act on behalf of defendant WILLIAMS to settle accounts and disputes and in connection with specified tax matters and a purported bond entitled "Non-Negotiable Unlimited Private Bond For Set-Off," and

    2.      over the course of November 2008, correspondence and documents requesting, and relating to a request, that $300,000,0000 be deposited to the United States Treasury from defendant WILLIAMS' purported Treasury Account for the purpose of settling his various obligations, including obligations in El Paso County Case 06M1224.  Among the documents defendant WILLIAMS caused to be included in these mailings were IRS Forms 56 purporting to appoint, among others Judge Hansen, the Clerk of the El Paso County District Court and various El Paso County law enforcement officials as his fiduciaries to settle accounts and disputes in relation to Case 06M1224; copies of court documents and docket sheets in Case 06M1224 stamped, in part, "Accepted for Value by drawee"; and purported bonds in the amount of $300,000,000, entitled "Discharging and Indemnity Bond[s]," which bonds included Pueblo County Case 05CV176 and El Paso County Case 06M1224 and Judges Reyes and Hansen in a list of "accounts" and "account holders" to be satisfied by the bonds.

B.      Causing to be mailed to IRS offices in various locations, together with other documents, IRS Forms 1099-A identifying El Paso County, Colorado as being a borrower of unspecified funds loaned to it by defendant WILLIAMS, in connection with El Paso Cases 06M1224 and 05M6119,

and identifying Pueblo County, Colorado as being a borrower of unspecified funds loaned to it by defendant WILLIAMS, in connection with Pueblo Case 05CV176;

C.      Causing to be mailed to IRS offices in various locations, together with other documents, government contracting form documents – including completed form payment bonds, performance bonds, bid bonds, and releases of liens and sureties – purporting to settle matters involving El Paso County Cases 06M1224 and 05M6119 or relating to the attempted settlement of those cases;

D.      Causing to be mailed to IRS offices in various locations, separately or together with other documents,   IRS Forms 56 appointing Judge Hansen and the Clerk of the El Paso County District Court, among others as fiduciaries to settle matters involving El Paso County 06M1224, and appointing Judge Wilson, among others, to settle matters involving El Paso County Case 05M6119;

E.      Causing to be mailed to an IRS office correspondence enclosing copies of court documents in El Paso Case 06M1224, bearing stamps directing that the documents be forwarded to the U.S. Treasury for payment, and indicating that the documents should be used for settling and closing the account relating to said case;

F.      Causing to be mailed to the Clerk of the El Paso County District Court correspondence and a purported United States Treasury Check for $250,000 (as further described in Instruction 14 above), together with various IRS forms and other documents, purporting to settle El Paso County Case 06M1224;

G.      Causing to be mailed, on or about May 29, 2009, to Judges Hansen and Wilson in El Paso County and to Judge Reyes in Pueblo County, criminal information referrals on IRS Forms 3949-A, accusing each judge, among other things, of failure to disclose borrowed funds, failure to return borrowed funds, and failure to pay taxes on said funds and accusing each judge with committing the following particular income tax violations: failure to pay tax; unreported income; and failure to file return – all in apparent relation to his or her respective case involving defendant WILLIAMS;

H.      Causing to be mailed, on or about March 29, 2010, to the IRS's Ogden, Utah facilities and to the IRS's Criminal Investigation Division in Covington, Kentucky, together with copies of court documents and docket sheets in El Paso Case 06M1224 (stamped, in part, "accepted for value"), criminal information referrals on IRS Forms 3949-A, accusing Judge Hansen and the Clerk of the El Paso County District Court (identified by individual name) each of failure to disclose borrowed funds, failure to

return funds to their beneficiary as directed, and failure to pay taxes on said funds and accusing each judge of committing the following particular income tax violations: false or altered documents; failure to pay tax; and unreported income; and

I.   Causing to be mailed, on or about December 15, 2010, to the IRS's Ogden, Utah facilities, attention the IRS's Criminal Investigation Division, together with various IRS forms and other documents:

1.   correspondence, among other things, accusing Judge Hansen and the Chief Judge of the El Paso County District Court, together with seven other individuals, (identified as two El Paso County District Court clerks, the El Paso County District Attorney and one of his deputies, and various El Paso County law enforcement officers), of failing to report and pay taxes in connection with borrowed funds in apparent relation to El Paso Case 06M1224; and

2.   criminal information referrals on IRS Forms 3949-A, accusing Judge Hansen and each of the other eight individuals, among other things, each of failure to disclose borrowed funds, failure to return principal to the lender as directed, and failure to pay taxes on said funds and accusing each individual with committing the following particular income tax violations: organized crime; false or altered documents; failure to pay tax; and unreported income.

[*Government's Non-Stipulated Instruction, modified to include the allegations from the superseding indictment.  Further, the Subparagraph A of the indictment incorporated paragraphs 29 and 30 by reference. For clarity, this Court has included the relevant content from these two paragraphs in full.  The Government is encouraged to clarify, however, if it intended that the acts described in paragraphs 29 and 30 constituted two separate acts or one act with two elements.  The government is also encouraged to clarify its position on this question with regard to paragraph I.  Next, the Court has deleted the language "in any way corruptly" from the elements instruction as this language does not appear in the cases relied upon by the government or in recent Tenth Circuit cases on the matter. See United States v. Thompson, 518 F.3d 832, 855 (10th Cir. 2008); United States v. Winchell, 129 F.3d 1093, 1098 (10th Cir. 1997). Finally, the Court does not agree that this instruction should break a violation of § 7212(a) into three separate parts because each element would be an incomplete sentence.  The Court has therefore changed the elements of the offense portion of the instruction to make it one complete sentence.*

**Sources:**
26 U.S.C. § 7212(a); see United States v. Winchell, 129 F.3d 1093, 1098 (10th Cir. 1997)(addressing elements);*

31

For definition of "corruptly," *see United States v. Winchell,* 129 F.3d 1093, 1098 (10th Cir. 1997); *United States v. Saldana*, 427 F.3d 298 (5th Cir. 2005) (defendants filed false Forms 8300 reporting large currency payments against various government officials, against some of whom they simply held grudges).; *United States v. Bowman*, 173 F.3d 595, 596-97 (5th Cir. 1999)(defendant filing false 1099 forms for sole purpose of intimidating and harassing creditors); *United States v. Allison*, 264 F. App'x 450 (5th Cir. 2008)(defendant filing false 8300 forms against state officials involved in his traffic case).

For definition of "endeavor," *see* Seventh Circuit Pattern Criminal Jury Instructions 7212[1] (2013 ); *United States v. Dowell*, 430 F.3d 1100, 1110 (10th Cir. 2005).

Regarding acts aimed at others, *see United States v. Dykstra*, 991 F.2d 450 (8th Cir. 1993); *United States v. Kuball*, 976 F.2d 528, 531 (9th Cir. 1992).

Regarding unanimity concerning method, *see* Eleventh Circuit Pattern Criminal Jury Instructions OI 111 (2010).]

**INSTRUCTION NO. 17**
**AGENT OF THE DEFENDANT**

In order to sustain its burden of proof on all of the counts of the superseding indictment it is not necessary for the Government to prove that Mr. Williams personally did every act constituting the offenses charged.

As a general rule, whatever any person is legally capable of doing himself, he can do through another acting as his agent.

So, if the acts or conduct of another is deliberately ordered or directed by a defendant or deliberately authorized or consented to by a defendant, then the law holds that defendant responsible for such acts or conduct just the same as if personally done by him.

[*Government's Non-Stipulated Instruction, modified to reflect that the superseding indictment is the charging document here. This instruction is consistent with 1A O'Malley, Grenig, and Lee, Fed. Jury Prac. & Instr. § 18:03 (6th ed.)]*

**INSTRUCTION NO. 18**
**PROOF OF KNOWLEDGE OR INTENT**

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

*[Government's Non-Stipulated Instruction.  This instruction is consistent 1A O'Malley, Grenig, and Lee, Fed. Jury Prac. & Instr. § 17:07]*

**INSTRUCTION NO.  19**
**"KNOWINGLY" – DEFINED**

The term "knowingly" is used in Instructions 13, 14, and 15 these instructions to describe the alleged state of mind of Mr. Williams.  As used in these three instructions, "knowingly" means that Mr. Williams was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

[The Court modifies this instruction to clarify that this *mens rea* term only relates to a limited number of the instructions and/or counts in the indictment.]

35

**INSTRUCTION NO. 20**
**SIMILAR ACTS**

You have heard evidence of other acts or crimes engaged in by Mr. Williams. You may consider that evidence only as it bears on Mr. Williams' willfulness, motive intent, plan, knowledge, and absence of mistake or accident and for no other purpose. Of course, the fact that Mr. Williams may have previously committed an act similar to the one charged in this case does not mean that Mr. Williams necessarily committed the act charged in this case.

*[Government's Non-Stipulated Instruction.  This instruction is consistent with Tenth Circuit pattern instruction 1.30 and will be given in part or full depending on what occurs at trial]*

**INSTRUCTION NO. 21**
**DUTY TO DELIBERATE – VERDICT FORM**

After the closing arguments, the court security officer will escort you to the jury room and will give you the original jury instructions and the original verdict form.  Any exhibits admitted into evidence will also be placed in the jury room for your review. You will be allowed to take your notes and your copy of the jury instructions that I have just read with you.  The original of the jury instructions and the exhibits are a part of the Court record.  Do not place any marks or notes on them.  Your copy of the instructions may be marked or used in any way you see fit.  In order to keep your copies of the instructions separate from the originals, I ask you to place your initials in the upper right hand corner of the front page of the instructions that you have before you.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions.  Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations.  Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

A Verdict Form has been prepared to help guide you through your deliberations. To reach a verdict, whether it is guilty or not guilty, all of you must agree.  Your verdict must be unanimous on each count of the superseding indictment.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.  Your foreperson will write the unanimous answer of the jury in the space provided for each count of the superseding indictment, either guilty or not guilty.  This is the only verdict form that you will receive, so please do not write on the original verdict form or indicate your answer to any questions on the original verdict form until you have all agreed on the answer.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

This is an important case.  If you should fail to agree upon a verdict, the case is left open and must be tried again.  Obviously, another trial would require the parties to make another large investment of time and effort, and there is no reason to believe that the case can be tried again by either side better or more exhaustively than it has been tried before you.

You are reminded that Mr. Williams is presumed innocent, and that the Government, not Mr. Williams, has the burden of proof and it must prove Mr. Williams

37

guilty beyond a reasonable doubt.  As judges of the facts, you must decide whether the Government has proved Mr. Williams's guilt beyond a reasonable doubt.

It is your duty, as jurors, to consult with one another and deliberate with a view toward reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.  Those of you who believe that the Government has proved Mr. Williams guilty beyond a reasonable doubt should stop and ask yourselves if the evidence is really convincing enough.  Those of you who believe that the Government has not proved Mr. Williams guilty beyond a reasonable doubt should stop and ask yourselves if the doubt you have is a reasonable one.  In the course of your deliberations do not hesitate to reexamine your own views and change your opinion if you are convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

After you reach a verdict, your foreperson should ensure that the original verdict form is complete and then he/she must sign and date the original verdict form.  The foreperson should then advise the court security officer that you have reached a verdict, but do not tell the court security officer what your verdict is.  The court security officer will then inform me that you have reached a verdict.  The foreperson should remain in possession of the original verdict form until you return to the courtroom and I request that it be given to me.

*[Court's standard final instruction]*

**INSTRUCTION NO. 22**
**COMMUNICATIONS WITH THE COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a folded note through the court security officer.  Do not disclose the content of your note to the court security officer.  No member of the jury should hereafter attempt to communicate with me except in writing and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. You are not to tell anyone – including me – how the jury stands, numerically or otherwise, until you have reached a unanimous verdict and I have discharged you.

If you send a note to me containing a question or request for further direction, please bear in mind that responses take considerable time and effort.  Before giving an answer or direction I must first notify the attorneys and bring them back to the court.  I must confer with them, listen to arguments, research the legal authorities, if necessary, and reduce the answer or direction to writing.

There may be some question that, under the law, I am not permitted to answer. If it is improper for me to answer the question, I will tell you that.  Please do not speculate about what the answer to your question might be or why I am not able to answer a particular question.

*[Court's standard final instruction]*