IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 12-cr-140-CMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. MICHAEL DESTRY WILLIAMS

        Defendant.

## REPLY TO THE GOVERNMENT'S RESPONSE TO THE MOTION FOR REVOCATION OF THE DETENTION ORDER

Counsel appointed on behalf of Mr. Williams, has reviewed the response in opposition filed by the Government (ECF Doc. #152) and consistent with Judge Arguello's minute order (ECF Doc. #151) files the following brief reply.

1. Defense counsel filed, on behalf of Mr. Williams, a reconsideration of detention on April 9, 2020. (ECF Doc. #149). Judge Arguello referred the request for reconsideration to Magistrate Crews. (ECF Doc. #150).

A. **<u>18 U.S.C. § 3145 and 18 USC § 3143 controls review of a detention order pending a hearing for revocation of supervised release.</u>**

2. The Government puts forth that because Judge Arguello referred the request to reconsider detention to Magistrate Crews for review, that the standard of review is controlled by 18 U.S.C. § 3142 (f)(2), which notably requires a changed circumstance.

3. However, in *United States v. Norris,* 2019 WL 339900 and *United States v. Cordova,* 2015 WL 13729646, judges from the District of Colorado ruled that 18

   U.S.C. § 3145(b) governs a detention order issued under the authority of 18 U.S.C. § 3143 for violation of supervised release.

4. Recently, on April 14, 2020, Magistrate Judge Mitchell out of the United States District of Kansas ruled that detention pending a revocation hearing is governed by 18 U.S.C. § 3143 which is thereby governed by 18 U.S.C. § 3145. Specifically, reasoning:

   > "[t]he provisions of 18 U.S.C. §§ 3142 and 3144 govern *pretrial release*." FED. R. CRIM. P. 46(a) (emphasis added). In contrast, Federal Rule of Criminal Procedure 32.1(a)(6) governs release pending a hearing on probation or supervised release violations. FED. R. CRIM. P. 46(d). According to that rule, the magistrate judge "may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings." FED. R. CRIM. P. 32.1(a)(6). Review of a detention order under § 3143 is governed by § 3145(b), which allows "a motion for revocation or amendment" of the detention order. § 3145(b).

   UNITED STATES OF AMERICA, Plaintiff, v. CHRISTIAN M. WOODRUFF, Defendant., 16-40020-DDC, 2020 WL 1862568, at *2 (D. Kan. Apr. 14, 2020).

5. 18 U.S.C. § 3145(b) states that

   > If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

6. If 18 U.S.C. § 3145 controls review of a detention order then no changed circumstances are required as they would be if 18 U.S.C. § 3142 controlled. The fact that Mr. Williams is awaiting a revocation hearing rather than in pre-trial status encourages this distinction of authority. Further, under the authority of 18 U.S.C. § 3145 the review belongs to the judge of original jurisdiction of the

offense which would be Judge Arguello rather than Magistrate Crews. Finally, under the authority of 18 USC § 3143 (a)(1) controls the consideration for review, stating the presumption is for detention unless it can be shown "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community."  See also Federal Rule of Criminal Procedure 32.1.

7. To the issue of community safety, defense counsel relies on the fact that underlying convictions for Mr. Williams are financial and non-violent. Further, that the allegation for violation of supervised release is non-compliance and non-violent.

8. It is undeniably difficult to put forth a release plan and a "return to court" plan without communication with the client. Efforts to communicate with client's family have proven unsuccessful.  Counsel is torn and can't help but identify that the ideal situation, in light of these exceptional circumstances, would involve an expedited hearing on the revocation, with the court to consider a time served sentence if Mr. Destry-Williams is to be found in violation of supervised release.

9. For the foregoing reasons and in light of the exceptional circumstances that exists at this time, defense counsel requests this court reconsider the previous order for detention.

                                                Respectfully submitted,

*s/ Kelly Meilstrup*
KELLY L. MEILSTRUP
1600 Stout Street #1400
Denver CO 80202
858-204-6375
KellyM@2nd-chair.com
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

      I, hereby certify that on April 16, 2020, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all interest parties and the following:

Andrea Surratt
Assistant United States Attorney
Andrea.Surratt@usdoj.gov

Service will also be provided by mail to
Mr. Destry-Williams
at the GEO Facility.

                                          *s/ Kelly Meilstrup*
                                          KELLY L. MEILSTRUP
                                          Attorney for the Defendant