**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 12-CR-00140-CMA

UNITED STATES OF AMERICA,

 Plaintiff,

v.

1. MICHAEL DESTRY WILLIAMS,

 Defendant.

**GOVERNMENT'S SUR-REPLY TO DEFENDANT'S MOTION FOR
REVOCATION OF DETENTION ORDER**

In his reply to the Government's response to his motion for revocation of the detention order in the above-captioned case, defendant Michael Destry Williams argues that 18 U.S.C. § 3142(f)(2) does not apply to bail determinations made in the supervised release violation context. In support of this, he points to one relevant opinion out of the District of Kansas in which a magistrate judge held that § 3142(f)(2) does not apply to the issue of detention pending a final revocation hearing.[1] *See United States v. Woodruff*, 2020 WL 1862568 (D. Kan. Apr. 14, 2020). In that case, after referral of the defendant's motion by the district court judge, the magistrate judge determined that "[r]eview of a detention order under § 3143 is governed by § 3145(b)." *Id.* at *2. Accordingly, the magistrate judge went on to review the original detention order, purportedly under § 3145(b). As noted in the Government's Response [Doc. No. 152], however, only a "court having original jurisdiction over the offense"—that is, the district court—may conduct a

---

[1] This District of Kansas opinion was filed on April 14, 2020—the same day that the Government filed its Response in this matter. The other two cases cited by the defendant are cases in which the district court conducted review under § 3145(b) without addressing whether § 3142(f)(2) could also apply.

1

review pursuant to § 3145(b), raising the question of under what authority the magistrate judge in *Woodruff* reviewed the already-entered detention order.

In any event, other courts have evaluated motions to revoke detention orders in the supervised release context under § 3142(f)(2). In *United States v. Ross*, 2020 WL 1486055 (N.D. Okla. Mar. 27, 2020), the defendant was arrested for violating his conditions of supervised release and detained on consent. He admitted the violations pending against him and his case was set for sentencing. Prior to sentencing, the defendant again violated his supervised release, so his sentencing was continued and his case set for a final revocation hearing. The defendant then moved for revocation of the order of detention set by the magistrate judge based on the COIVD-19 pandemic. *Id.* at *1.

The defendant in *Ross* did not cite to any statutory basis for the revocation of his detention order, so the magistrate judge construed the motion as "one to reopen detention pursuant to 18 U.S.C. § 3142(f)(2), because the motion is based on new developments occurring after Defendant waived his detention hearing." *Id.* at 2. The magistrate judge explained that this construction of the motion was "consistent with [the district court judge's] referral of the motion to the" magistrate judge, since a motion pursuant to § 3145 would have to be heard by the district judge. *Id.* The magistrate judge then denied the defendant's motion on the basis that, among other things, the COVID-19 pandemic "does not warrant[] reopening the detention issue in this case." *Id.* at *3. *See also United States v. Stephens*, 2020 WL 1295155 (S.D.N.Y. Mar. 19, 2020) (re-opening detention hearing in advance of final supervised release revocation hearing pursuant to § 3142(f)(2), based on changed circumstances).

The court's reasoning in *Ross* is applicable here, where the defendant moved for

2

revocation of his detention order based on purportedly changed circumstances, and Judge Arguello referred the motion to the magistrate judge. Section 3143(a)(1), by its terms, applies to post-conviction defendants awaiting trial, but the heightened *standard* from § 3143(a)(1) also applies to defendants awaiting a final supervised release revocation hearing, by cross-reference from Federal Rule of Criminal Procedure 32.1(a)(6). It is also true that courts have held that § 3142(f)(2) does not apply to post-plea defendants because that section allows for the reopening of a detention hearing "at any time before trial," and post-plea defendants are no longer *before trial*. *See, e.g.*, *United States v. Morris*, 2020 WL 1694301, at *2-3 (N.D. Tex. Apr. 6, 2020). But a defendant in the instant situation is more akin to a defendant awaiting trial than a defendant awaiting sentencing. That is, in the parlance of § 3142(f)(2), a defendant awaiting his day in court on alleged supervised release violations is more like a pre-plea defendant awaiting trial, than a post-plea defendant awaiting sentencing.

Judge Arguello could have chosen to review the defendant's order of detention *de novo* pursuant to § 3145(b). But because she chose instead to refer the motion to the magistrate judge, and because the motion is based entirely on the notion that COVID-19 is a changed circumstance, this court should consider the defendant's motion under § 3142(f)(2) and deny it.

Respectfully submitted this 16th day of April, 2020.

                                            JASON R. DUNN
                                            United States Attorney

                                            *s/ Andrea Surratt*
                                            Andrea Surratt
                                            Assistant United States Attorney
                                            United States Attorney's Office
                                            1801 California St., Ste. 1600
                                            Denver, CO 80202
                                            Telephone: 303-454-0100
                                            E-mail: Andrea.Surratt@usdoj.gov